W. P. ULMER v. THE STATE.

No. 2722.   Decided November 5, 1913.

Rehearing denied December 3, 1913.

**1.—Rape—Evidence—Declarations of Prosecutrix.**

Upon trial of rape, there was no error in admitting testimony as to the complaint made by prosecutrix a short time after the alleged rape. Following Pefferling v. State, 40 Texas, 486, and other cases; besides, the bills of exception were defective.

**2.—Same—Evidence—Cross-Examination.**

Where, upon trial of rape, it appeared that the defendant, in cross-examination of the witness, had gone into the matter as to what prosecutrix told the

witness, there was no error in permitting the witness to state that the prosecutrix said that the defendant had mistreated her.

**3.—Same—Argument of Counsel.**

. Where the argument of State's counsel was in reply to argument of defendant's counsel, there was no reversible error.

**4.—Same—Charge of Court.**

Where the State's testimony supported a conviction of rape, there was no error in refusing a requested charge to acquit the defendant.

**5.—Same—Different Acts of Intercourse.**

Where the evidence showed different acts of sexual intercourse, but the court properly limited the testimony to one act of sexual intercourse, there was no error in refusing special charges on the same subject.

**6.—Same—Penetration—Charge of Court.**

Where, upon trial of rape, the court's charge properly submitted the question of penetration, there was no error in the court's refusal of a requested charge thereon.

**7.—Same—Force—Charge of Court.**

Where the rape was alleged upon a girl under age of consent, it was not necessary to define force in the court's charge.

**8.—Same—Charge of Court.**

Where, upon trial of rape, the fact of penetration was shown by the State's testimony, and denied by that of the defendant's testimony, there was no error in refusing a requested charge that the penetration must have been made by the male organ of defendant.

**9.—Same—Other Acts of Sexual Intercourse—Limiting Testimony.**

Where the female is under fifteen years of age and the defendant is the father, or occupies similar relations to the female, other acts of carnal intercourse are admissible in evidence, but the State must elect upon which act it will seek a conviction; this being done, there was no error.

**10.—Same—Misconduct of Jury—Impeaching Verdict.**

Jurors are not permitted to impeach their verdict on the ground that they misunderstood the testimony of a certain witness.

Appeal from the District Court of Hunt. Tried below before the Hon. Wm. Pierson.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The testimony showed for the State that prosecutrix was the daughter of the defendant and about nine years old; that defendant forcibly had sexual intercourse with her on different occasions, one of which was in the storm house, etc.

The defendant denied ever having had any improper relations with prosecutrix.

*W. P. Ulmer,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of rape on his daughter, Lucile Ulmer, a girl under fifteen years of age.

There are but two bills of exceptions in the record in regard to the introduction of testimony. Neither one of the bills are complete enough to bring the questions before us for review, but if we could consider them, as qualified and approved by the court, they would present no error. The first bill complains that while Mrs. Myrtle Plunkett was testifying, she was asked if Lucile complained to her of anything, and the witness answered that Lucile "complained that she was hurting." The record discloses that this occurred a short time after the alleged rape, and this is the first person she met when her father was not present, and there was no error in admitting the testimony. In Pefferling v. State, 40 Texas, 486, it was said: "It has been universally held that recent complaint by the person injured (in rape cases), her state and appearance, marks of violence and the condition of her dress shortly after the alleged occurrence, may be proved as original testimony." This rule was reiterated by this court in Sentell v. State, 34 Texas Crim. Rep., 260, and other cases.

The next bill complains that Mrs. Plunkett was asked the following question: "Did she tell you of any mistreatment that had been done toward her by her father?" which question she answered: "Yes, sir." She was not permitted to detail what her niece, Lucile, had told her, but the fact that Lucile accused her father as the person who had raped her would not be admissible as original testimony. But in approving the bill, the court states, appellant had gone into this matter first in the cross-examination of the witnesses Lucile, and Mrs. Plunkett, and if so, then it would not be error to permit the witness to answer the question.

Appellant also complains that the prosecuting officer made use of the following language in his argument: "The mother did not testify; the law seals her lips,—he is her husband. I could have proven that she (meaning Lucile Ulmer) told her, but it is inadmissible evidence, and the law would not permit me." This was improper, but the court, in approving the bill, states the argument was in reply to argument of appellant's counsel, and admitted because of such remarks. Under such circumstances no reversible error is presented.

There was no error in refusing to give the peremptory instructions requested. The testimony offered in behalf of the State makes a case of rape.

Several acts of intercourse were testified to by the daughter of appellant, when appellant moved that the State be required to elect on which act of intercourse it would seek a conviction. The State elected to ask for a conviction on the alleged act of intercourse that the girl said took place in the storm cellar on a date named. The court instructed the jury: "You are further charged that the State has elected to rely for a conviction in this case upon the act of carnal knowledge, if any, between the defendant and Lucile Ulmer, committed

in the storm cellar, if it was. Therefore, you can not consider any other act, if any, of sexual intercourse, except for the light, if any, it may throw upon the act charged."

The court, in his charge, having given this instruction, it was not necessary to give the special instructions requested in regard to this matter.

The court also instructed the jury: "In cases of rape, penetration must be proved beyond a reasonable doubt. By the term 'penetration' is meant, the sexual organ of the male entered and penetrated the sexual organ of the female." Consequently there was no error in refusing the special charge requested on the word "penetration."

This being a case of a rape on a girl under fifteen years of age, it was not necessary to define "force" and charge that the rape must be accomplished by force, and the court correctly refused the charges presenting this issue.

Appellant requested the court to charge the jury that although they believed "that some part of defendant's body penetrated the prosecutrix, yet if they did not believe, beyond a reasonable doubt, it was the private male organ of appellant, to acquit." There was no evidence calling for such a charge. If the girl was penetrated it is shown by all the testimony it was so done by appellant's male organ. This is the State's testimony, and the defendant's testimony is that there was no attempt to rape, and no penetration.

We have, in several opinions, held that when a father, or other person standing in such relation to a girl, is prosecuted for rape on her, she being under fifteen years of age, all such acts are admissible in testimony, but the State should be required to elect upon which act it would seek a conviction. This was done in this case, and there was no error in admitting the testimony.

The ground in the motion for a new trial that alleges that different members of the jury misunderstood the testimony of Dr. Milner on the trial can not be considered. Jurors will not be allowed to impeach their verdict in this manner.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 3, 1913.—Reporter.]