EDWARDS v. STATE. (No. 3854.)

(Court of Criminal Appeals of Texas. Dec. 1, 1915. Rehearing Denied Jan. 5, 1916.)

1. RAPE ☞52—STATUTORY RAPE—SUFFICIENCY OF EVIDENCE.

On a trial for rape on a girl under the age of consent, evidence *held* sufficient to support a conviction.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 71–74, 76; Dec. Dig. ☞52.]

2. CRIMINAL LAW ☞1160—APPEAL—REVIEW —QUESTIONS OF FACT.

Where, under a proper charge and on evidence sufficient, if believed, to support the verdict, the jury finds a verdict of guilty, and the verdict is approved by the trial judge, whose duty it is to set the verdict aside if not satisfied of the guilt of accused, the verdict will not be set aside on appeal, unless clearly wrong.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 4519; Dec. Dig. ☞1160.]

3. RAPE ☞6—ELEMENTS—FORCE.

To constitute rape upon a female under the age of consent, no more force is required than that necessarily involved in the act of penetration.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 6; Dec. Dig. ☞6.]

4. RAPE ☞13—ELEMENTS—FORCE.

Carnal knowledge of a female under the age of consent who is not the wife of the party having such carnal knowledge is "rape," no matter what the circumstances, and it is immaterial whether the carnal knowledge is had with her consent or by force, threats, or fraud.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 12; Dec. Dig. ☞13.

For other definitions, see Words and Phrases, First and Second Series, Rape.]

5. CRIMINAL LAW ☞1091—BILL OF EXCEPTIONS—MATTERS PRESENTED FOR REVIEW.

A bill of exceptions not showing any ruling by the court on the state's objection to testimony offered by defendant presented nothing for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. ☞1091.]

6. RAPE ☞38—EVIDENCE—ADMISSIBILITY.

On a trial for rape on a girl under the age of consent, the exclusion of evidence that the girl's mother sent her to ask defendant to meet the mother was not error, as this would be no excuse or justification.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 48–50; Dec. Dig. ☞38.]

7. CRIMINAL LAW ☞1144 — APPEAL — PRESUMPTIONS IN SUPPORT OF JUDGMENT.

The legal presumption is that the ruling of the trial court on an objection to evidence was correct unless the bill of exceptions shows otherwise.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 2901, 3016–3037; Dec. Dig. ☞1144.]

8. RAPE ☞40—EVIDENCE—ADMISSIBILITY.

On a trial for rape on a girl under the age of consent, evidence that a merchant had run the girl away from his place, and that she pulled up her clothes and exhibited her person to a witness, was properly excluded as immaterial.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 55–59; Dec. Dig. ☞40.]

9. CRIMINAL LAW ☞419, 420—EVIDENCE— HEARSAY EVIDENCE.

On a trial for rape on a girl under the age of consent, testimony that the mother said she sent the girl to defendant's home to awaken him and get some groceries was properly excluded as hearsay, where it did not appear that it was offered to impeach or that any predicate was laid for its introduction, especially where probable injury was not shown.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973–983; Dec. Dig. ☞419, 420.]

10. CRIMINAL LAW ☞451—EVIDENCE—FACTS OR CONCLUSIONS.

On a criminal trial defendant could properly testify that the prosecuting witness said if he did not let her have some groceries he would be sorry, but the deductions from this remark could be drawn by the jury, and his testimony that he understood her to mean that she and her people

would begin a criminal prosecution against him was properly excluded.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1040–1042; Dec. Dig. ☞451.]

11. CRIMINAL LAW ☞1091—BILLS OF EXCEPTIONS—SUFFICIENCY.

A bill of exceptions taken to the exclusion of testimony must disclose the relevancy and materiality of the proposed evidence, and inferences will not be indulged to supply the omission of such essentials.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. ☞1091.]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

W. A. Edwards was convicted of rape, and he appeals. Affirmed.

A. G. Lipscomb and R. E. Tompkins, both of Hempstead, and Atkinson, Graham & Atkinson, of Houston, for appellant. John H. Crooker, Cr. Dist. Atty., E. T. Branch and T. J. Harris, all of Houston, and C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. No brief has been filed in behalf of appellant, and, as this case has been so thoroughly briefed by counsel for the state, we adopt the brief as the opinion of the court. It is as follows:

"Appellant was convicted of rape alleged to have been committed on a female under the age of consent, and his punishment was assessed at five years, and from the judgment thereon he appeals.

[1] "1. Appellant contents that the evidence is insufficient to support the verdict. It is unnecessary to give any extended details of the testimony, since the little girl, who was 12 years old, testified positively that the appellant with her consent had carnal knowledge of her, and penetrated her private parts with his male member, and the medical testimony tends to corroborate her. Appellant denied he had carnal knowledge of the child, but the jury evidently believed her testimony, and there is nothing in the record to indicate that her testimony was contrary to human experience or inconsistent with the truth. It is to be noted too, that appellant himself admitted that she was found in his room at night by his son and daughter-in-law, and his explanation of why she was under his bed when they came into his room is strongly corroborative of the little girl's account of their intimacy and of his attempts to lead up to the final accomplishment of his purpose. Appellant testified that when his son discovered the little girl in his room under the bed: 'He told me I could not make a whorehouse out of his home. He told me I ought to be ashamed of myself. I told him I was old enough to attend to my own business.' The child testified that appellant always used vaseline on himself and on her, and his bottle was seen by his son and daughter when they came in the room. While more than one transaction was testified to, yet the court confined the consideration of the jury to one act, and the charge of the court is full and fair, and was not objected to.

[2-4] "When the jury have solved the issues presented in the testimony under a fair and proper charge of the court, and there is sufficient evidence in the record, if believed, to support the verdict of guilty, and that verdict is approved by the trial judge, whose duty it is to set the conviction aside if not satisfied of the guilt of the accused, the verdict will not be set aside on appeal unless clearly wrong. We think the testimony is ample to support the verdict, and that appellant had reason to congratulate himself on the fact that he was awarded so mild a punishment. To constitute rape upon a female under the age of consent, no more force is required than that necessarily involved in the act of penetration, and the fact that she consented thereto is no defense. Rodgers v. State, 30 Tex. App. 528, 17 S. W. 1077; Vaughn v. State, 62 Tex. Cr. R. 24, 136 S. W. 476; Ulmer v. State, 71 Tex. Cr. R. 579, 160 S. W. 1188; Turner v. State, 72 Tex. Cr. R. 649, 163 S. W. 707.

"The authorities in this state sustain the proposition that carnal knowledge of a female under the age of consent, and not the wife of the party having carnal knowledge of her, is rape, no matter what the circumstances, and the question of consent or whether the carnal knowledge was had by force, threats, or fraud is wholly immaterial. Anschicks v. State, 6 Tex. App. 524; Mayo v. State, 7 Tex. App. 347; Fowler v. State, 148 S. W. 576; Turner v. State, 72 Tex. Cr. R. 649, 163 S. W. 707.

"2. Appellant has five other grounds in his amended motion for a new trial, each complaining of supposed errors in the admission or rejection of testimony. The bills of exceptions seeking to present these matters are too incomplete to be considered, and are not, as required by law, sufficiently full and certain in their statements as that in and of themselves they disclose all that is necessary to manifest the supposed errors.

[5, 6] "3. The first bill in full is, after the style of the case: 'Be it remembered that on the trial of the above entitled and numbered cause, when the prosecutrix was testifying, defendant's counsel asked her the question as to whether her mother had sent her to the defendant to ask the defendant to meet her mother that night about the time the store was closed, to which the witness would have replied that such message had been sent, which testimony was objected to by the state, to which ruling of the court defendant then and there objected, and tenders this, his bill, of exceptions No. 1, and asks that the same be allowed.' As this bill does not even show that the court made any ruling, it presents nothing to review; but, if the mother did send the little girl to appellant with the request to meet her that night, it would be no excuse or justification for having carnal intercourse with a girl under the age of consent.

[7, 8] "4. The second bill, after giving the style of the case, reads as follows: 'Be it remembered that on the trial of the above entitled and numbered cause counsel for defendant asked the prosecutrix whether Mr. Hill, a merchant in the neighborhood where she lived, had not run her away from his place, to which question she would have replied that said Hill did run her away from his place, and said testimony was objected to by the state and excluded by the court on the objection, to which ruling defendant then and there excepted, and tenders this, his bill of exceptions No. 2, and asks that the same be allowed.' The bill in no way shows the materiality of the question, nor does it disclose what objection was made by the state. The legal presumption is that the ruling of the trial court was correct, unless the bill shows otherwise. Ortiz v. State, 151 S. W. 1058; Zweig v. State, 171 S. W. 751. But suppose she had the reputation that no one desired her about their place, and would run her off; this would not authorize appellant to have carnal knowledge of her, she being under the age of consent.

"5. The third bill complains that on motion of the state the court struck from the record the testimony of a witness who testified that the prosecutrix had pulled up her clothes and ex-

hibited her person to the witness. This bill is too uncertain to show clearly the ruling of the court, but, as it was alleged and proven that prosecutrix was under the age of consent, the testimony was manifestly immaterial. The bill fails to show whether the witness was speaking of an incident that occurred before or after the alleged rape, and nothing is shown that would enable this court to say that the trial judge committed any error. But, if the little girl pulled up her clothes and exhibited her person, the law is no one shall have carnal knowledge of a girl under 15 years of age, and, even though she invited appellant and persuaded him, yet he would violate the law, and, as he received the minimum punishment, the bill under no circumstances would present error.

[9] "6. The fourth bill complains of the exclusion of the testimony of a witness who would have testified to statements made by the mother of the prosecutrix in the absence of the latter to the effect that the little girl had gone to defendant's home to awake him in order to get some groceries. The testimony excluded on its face is hearsay, and there is nothing in the bill to show it was offered to impeach or that any predicate had been laid for its introduction, and no probable injury is shown by the ruling of the court.

[10, 11] "7. The fifth bill complains that: 'When the defendant was testifying, he was asked by his counsel about the threat made by the prosecutrix that, if he did not let her have some groceries, he would be sorry, and when the defendant was asked what he understood the prosecutrix to mean by that, he would have answered that he understood that she meant by that that she and her people would begin criminal prosecution against him, to which evidence the state, by counsel, then and there objected, and the court sustained said objection and excluded the testimony, to which ruling of the court defendant then and there excepted, and tenders this, his bill of exception No. 5, and asks that the same be allowed.'

"Besides the style of the case and the formal beginning, the above is the whole of the bill of exceptions. He could testify to the remark, but the deductions from the remark could be drawn by the jury. A bill of exceptions taken to the exclusion of the testimony must disclose the relevancy and materiality of the proposed evidence. Inferences will not be indulged to supply the omission of such essentials. Branch's Criminal Law, § 48. What has been said about the other bills is applicable to this bill, and we are unable to gather from its recitals that such error was committed as would entitle appellant to a reversal. If appellant's testimony in the statement of facts is referred to, it is seen that he was permitted to testify freely and fully to anything that could possibly have been of benefit to him.

"8. Believing that nothing is shown by this record that would warrant a reversal, we respectfully submit that the judgment should be affirmed."

The judgment is affirmed.

⬥═⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes