JUAN M. FINO V. THE STATE.

No. 20432. Delivered May 24, 1939.
Rehearing Denied June 21, 1939.

The opinion states the case.

*W. Joe Bryan,* of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Harold S. Long,* Assistant District Attorney, both of El Paso, and *Lloyd W. Davidson,* State's Attorney of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for twelve years.

The place of business of W. U. Paul was burglarized on the 23rd of August, 1938. Shortly after the burglary officers went to a room occupied by appellant and found therein a large part of the merchandise that had been taken from Mr. Paul's store. Testifying in his own behalf, appellant admitted that he was found in possession of the stolen goods but denied that he had committed the burglary. It was also his version that the property had been left in his room by another, who was arranging to transport such property to Mexico.

Bill of exception No. 1 is concerned with the action of the court in overruling appellant's first application for a continuance. It appears that the indictment herein was returned and filed October 7, 1938, and the case set for trial November 8, 1938. No application for a subpoena for the absent witnesses was made by the appellant until November 7, 1938, the day

before the case was called for trial. It appears that the witnesses were not served with process for the reason they could not be found in the county. It is manifest that appellant failed to exercise the diligence demanded by the law.

Several bills of exception relate to appellant's objections to the testimony of the officers touching the result of the search. We need not determine whether the affidavit for the search warrant and search warrant were sufficient. Appellant took the stand and testified to the same facts that were testified to by the officers making the search. He admitted possession of the stolen property and offered an explanation of his possession. Having testified to the same facts as stated by the searching officers, appellant cannot now claim that the court committed reversible error in admitting the testimony touching the result of the search. Countee v. State, 44 S. W. (2d) 994.

It has already been observed that appellant testified in his own behalf and gave an explanation of his possession of the merchandise alleged to have been taken from the burglarized store. At the same time he testified as to where and from whom he had obtained various other articles of merchandise found in his possession at the time of his arrest. In rebuttal, the State offered three witnesses, each of whom identified different articles of merchandise previously described in the testimony of the appellant. These witnesses related how such articles had been taken from their places of business in burglaries committed during the preceding few months. Appellant objected to all of their testimony and invoked the general rule that evidence of extraneous crimes is not admissible against the accused to prove his guilt in the case for which he is being tried. It would appear that proof of the extraneous crimes was admissible to rebut appellant's defense that he had innocently received the goods from another. In 7 Texas Jur., 862, it is said: "The prosecution may use evidence of extraneous offenses to rebut special defenses of the accused. * * * Where the defendant claims that his possession of the stolen goods was innocently obtained, proof may be made of his possession of goods stolen in other burglaries." In Saldivar v. State, 115 S. W. 584, Judge Davidson used language as follows: "Had appellant given an account of the property found in his possession taken from the burglarized house set out in the indictment, explanatory of innocent possession, the fact that he had possession of other stolen property taken from other burglarized houses might have served to illustrate some questions which tended to connect him with this offense; but there was no evidence of

this character." We are constrained to overrule appellant's contention.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

We have again gone over the facts and the bills of exception in the light of appellant's motion for rehearing.

We are of the opinion that all the matters urged in the motion have been considered by us in the original opinion herein, and that they have been properly decided in that opinion.

In the light of the record, it is our opinion that when appellant admitted possession of the recently stolen property, but gave an explanation that would have shown his innocent possession thereof, it rendered admissible the fact that appellant was also in possession of other stolen property taken unlawfully from other and different places within a reasonable point of time of the burglary herein complained of.

We overrule the motion.