**Marion A. WASHINGTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27949.**

Court of Criminal Appeals of Texas.

Feb. 8, 1956.

F. J. Finch, Jr., Dallas, for appellant.

Tom Moore, Jr., Dist. Atty., Burney Walker, Asst. Dist. Atty., Waco, Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Justice.

The offense is murder; the punishment, death.

Deceased's fiancee testified that she and deceased were parked in deceased's automobile near Waco on the night he was murdered, that the appellant, armed with a flashlight and a pistol, robbed them and then required her to lie on the ground and began to fondle her privates. She stated that when the deceased attempted to interfere with his advances, the appellant shot him with the pistol, from which wound he died.

The appellant fled and was captured some time later, at which time he confessed.

The appellant, testifying in his own behalf, plead alibi and denied that the confession had been voluntarily made.

The State, through her capable District Attorney, called every witness who had any contact with the appellant following his arrest, and each of them denied the appellant's account of the confession. There were no undisputed facts which would render the confession inadmissible.

The facts will be discussed more fully as they relate to appellant's bills of exception.

 Appellant first contends that the trial court erred in permitting the deceased's companion to relate the sexual advances made toward her prior to the shooting. It is apparent from the record that the shooting occurred because the deceased refused to sit idly by while the appellant ravished his sweetheart. In Jarman / v. State, 112 Tex.Cr.R. 239, 16 S.W.2d 130, 131, we said:

"The rule that, where several crimes are intermixed and blended with one another or so connected as to form an indivisible criminal transaction so that the proof of one cannot be made without showing the other, all may be proved, is deemed applicable."

The same rule finds application to the case at bar.

 Appellant next complains that the State was permitted to question him about other crimes which had occurred prior to the murder herein charged.

As stated, appellant and his witnesses testified that the appellant was in Dallas at the time of the homicide. He testified further that the pistol which was used in the homicide and which was found in his possession at the time of his arrest had first come into his possession about the middle of April, 1955. The homicide occurred on April 3, 1955. In order to rebut this special defense concerning the pistol, the State was permitted to prove that the appellant had used the same pistol in assaults upon others prior to April 3. In Fino v. State, 137 Tex. Cr.R. 340, 129 S.W.2d 652, 653, we said:

" 'The prosecution may use evidence of extraneous offenses to rebut special defenses of the accused.' "

The same rule applies with equal vigor to the admission into evidence of that portion of appellant's confession which mentioned the fact that he had used the same pistol in assaults upon others.

 Appellant's last contention is that the court erred in not granting a new trial because of what he denominates as unreliable testimony of the State's witnesses who refuted the appellant's alibi. We have carefully read their testimony and are not impressed with appellant's contention.

Finding no reversible error, the judgment of the trial court is affirmed.