Arnold Cleo SCHNEIDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 38213.

Court of Criminal Appeals of Texas.

May 12, 1965.

Rehearing Denied June 26, 1965.

Thomas D. White, Houston, for appellant.

E. W. Patterson, Dist. Atty., Gonzales, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is statutory rape; the punishment, fifty years.

The prosecutrix, a seventeen-year-old high school senior, lived with her parents in the city of Houston. She testified that on the day in question she left her home around 6:30 p. m. or a quarter to 7, to go to a friend's wedding shower. While traveling in her father's Volkswagen, she became lost and it began to rain. As she was driving on the freeway she observed an automobile following close behind, the driver of which she thought was a policeman signalling for her to stop. She proceeded to drive off the road and, after she had stopped, a man whom she positively identified as the appellant, came up to her car and ordered her to get out. When she discovered that appellant was not a policeman she tried to start her car and leave. Appellant grabbed the keys and then pulled her out of the car and proceeded to hit and beat her around the shoulders, neck, and head. He then put her in his automobile and drove some two miles on a graveled road in Harris County, and stopped. There he demanded that she take off her clothes and when she started screaming he threatened to kill her and began choking and hitting her. The prosecutrix then got out of the car and ran across a levee into a field, where she fell in the mud and lost her shoes. Appellant came to where she was and pulled off all her clothes. She fought him "every minute." He then dragged her further out into the field, where he knocked her to the ground and raped her. Appellant then took the prosecutrix, who was totally undressed, to his automobile and drove to a graveled road out from Columbus, in Colorado County, where he stopped the automobile, and again raped her. After committing this act of rape, appellant then drove to a parking lot in Bellaire, where he left the prosecutrix, still to-

tally undressed but wrapped in a bedspread, in a boat on a parking lot. As the prosecutrix started walking, some people passing in a car picked her up and took her to the Baptist Memorial Hospital in Houston, where she was examined by Dr. Ferro Luigi.

Dr. Luigi testified that his examination disclosed two small contusions and vaginal lacerations on the right portion of the hymen and that there had been a penetration of the vulva down to the hymen.

Appellant was arrested the following afternoon at the home of his brother-in-law, when the officers found him hiding in a closet behind some clothes.

Testifying as a witness in his own behalf, appellant denied having seen the prosecutrix or having committed an assault upon her on the night in question. He swore that on such date he went to the Viking Homes in the city of Houston, around 7 p. m., to get his check for some work; that as the man he wanted to see was not there he went to Deb's Cafe and then to the 8-Ball pool hall looking for him. Appellant stated that after he had ordered a beer and played two games of pool he left, around 9:30 p. m., and went home, arriving about 11 p. m. Appellant explained that the reason he hid in the closet on the occasion of his arrest was because he thought the officers had come after him for some parking violations and he wanted some time to call his attorney.

Witnesses were called by appellant, who testified, in support of his defense of alibi, that they saw him at the Viking Homes around dark on the day in question.

In rebuttal, the state called Mrs. Cheryl Martin as a witness, who testified that around 7 p. m. on that day appellant came to her home, where, after making inquiry if her husband dealt in real estate, he grabbed her around the neck and told her to take off her clothes. She related that when her two-year-old child came out in the garage where the witness was at the time, appellant di-

rected her to tell the child to go back in the house, and that some twenty minutes later appellant left. She further testified that after he left she called the sheriff's office and gave the officers a description of appellant and a description and the license number of his car.

■ Appellant objected and excepted to the court's action in permitting Mrs. Martin to testify, on the ground that the rule had been invoked and she had been in the courtroom and heard some of the testimony.

The record shows that Mrs. Martin had been in the courtroom for some forty-five minutes before being called to the stand and that she had not been sworn and placed under the rule. She stated that while she was in the courtroom the appellant testified for about five minutes but she did not hear his testimony; that she heard the testimony of the witnesses who preceded her to the stand but "wasn't paying any attention to it." We perceive no reversible error in the court's action in permitting her to testify, as the record reflects that Mrs. Martin did not hear any of appellant's testimony and that the witness who preceded her to the stand, whose testimony she heard, did not testify to the matters concerning which she was called to testify. Shield v. State, 118 Tex. Cr.R. 509, 38 S.W.2d 76.

■ Appellant also objected to the testimony given by Mrs. Martin, on the ground that it constituted proof of an extraneous offense and that the state was permitted to show the details thereof.

The testimony of Mrs. Martin that appellant was at her home at 7 p. m. on the night in question, although it showed the commission of an extraneous offense, was admissible to rebut and defeat appellant's special defense of alibi. Fino v. State, 137 Tex.Cr. R. 340, 129 S.W.2d 652; Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612; Washington v. State, 162 Tex.Cr.R. 479, 286 S.W. 2d 629.

In permitting Mrs. Martin to relate the actions of appellant on such occasion over the objection that it was permitting the state to prove details of the extraneous crime, the court did not err. Having the right to make proof of the appellant's actions and assault upon the witness, the details of the assault would be admissible.

■ The court submitted to the jury, in his charge, the issue of appellant's guilt of statutory rape, alleged to have been committed in Colorado County.

It was not necessary for the court to define the term, "force," in his charge, as appellant's guilt of rape was shown by the state's testimony without the use of force and only the issue of his guilt of statutory rape was submitted to the jury. Ulmer v. State, 71 Tex.Cr.R. 579, 160 S.W. 1188; Phillips v. State, 139 Tex.Cr.R. 574, 141 S. W.2d 371.

The jury were further instructed that if they believed from the evidence that prior to the commission of the offense, if any, in Colorado County, the appellant had carnal knowledge of the prosecutrix in Harris County, they were not to consider such act of intercourse in arriving at their conclusion as to his guilt or innocence of the offense, if any, in Colorado County.

Complaint is made by appellant to the court's failure to limit in his charge the jury's consideration of the testimony showing the assault committed upon the witness, Mrs. Martin.

This testimony, having been offered to rebut appellant's special defense of alibi, was not required to be limited to the question of impeachment by an instruction in the charge. Young v. State, 61 Tex.Cr.R. 303, 135 S.W. 127; Whitehead v. State, 61 Tex. Cr.R. 558, 137 S.W. 356; Russell v. State, 84 Tex.Cr.R. 245, 209 S.W. 671.

Appellant's remaining contentions have been examined and do not present reversible error.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

In his motion for rehearing appellant complains of the disposition of his contention regarding the court's failure to limit in his charge the jury's consideration of the testimony showing the assault committed upon the witness, Mrs. Martin.

█ Such complaint is not properly before us for review, under the objection made by appellant to the charge.

The objection to the charge reads:

"Defendant objects and excepts to the Court's charge because it has not and does not properly limit the jury as to their consideration of the evidence as to other criminal acts alleged to have been committed by Defendant in Harris County."

In the relatively recent case of Cage v. State, 167 Tex.Cr.R. 355, 320 S.W.2d 364, in passing upon a similar contention, we said that the objection that the charge did " 'not meet the requirements of the law regarding extraneous transactions' " was insufficient as an objection.

In the case at bar the court had instructed the jury as to one offense which had been committed in Harris County and might logically have thought that appellant's objection went to that portion of the charge. The objection made by appellant does not meet the test of Art. 658, Vernon's Ann.C.C.P., which requires that the objection shall be made "distinctly specifying each ground of objection."

Appellant's motion for rehearing is overruled.

Opinion approved by the court.

MORRISON, Judge (concurring).

I agree with Judge BELCHER'S opinion on rehearing. After further study, I have concluded that we were in error in holding originally that the testimony of Mrs. Martin should not have been limited had proper objection been made.