**Andrew SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49695.**

Court of Criminal Appeals of Texas.

March 26, 1975.

Kerry P. Fitzgerald, Court appointed on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Robert E. Whaley, John D. Ovard and Fred Davis, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for assault with intent to commit murder with malice. After the jury returned a verdict of guilty, punishment was assessed by the court at ten years.

Appellant contends the court erred in admitting testimony of officers Huffman and Crowder that the identification by the injured party was a positive identification in that such testimony improperly bolstered the in-court identification by the injured party, and that the questions eliciting the testimony called for a conclusion and speculation on the part of the witnesses.

On November 25, 1972, William Rouchell was the roofing contractor at a church on Nomas Street in Dallas. Rouchell hired appellant and two other men to assist him in carrying "bundles of roofing" to the top of the church. Later that afternoon, appellant shot Rouchell in the hip as Rouchell was climbing a ladder. As Rouchell started down the ladder, appellant fired a second shot, which missed Rouchell. On April 30, 1973, a wreck occurred near Rouchell's home. Rouchell identified an injured person near the wreck as appellant and went immediately to his home and called police. Appellant's complaint is directed to officers Huffman's and Crowder's testimony that Rouchell made a positive identification of appellant.

Appellant cites Lyons v. State, Tex.Cr.App., 388 S.W.2d 950 for the proposition that where a witness has identified the accused at trial he may testify that he also identified the accused while in police custody or by photographs, but that other wit-

nesses may not bolster his *unimpeached* testimony by corroborating the fact that he did identify the accused.

In Frison v. State, Tex.Cr.App., 473 S.W.2d 479, complaint was made that the court erred in permitting officer Butler to testify that the victim Harris had made a pre-trial identification. This Court in *Frison* stated that appellant "having impeached or attempted to impeach Harris as to his identification of Frison, the complained of testimony, if not admissible when offered, would have become admissible subsequently rendering any earlier error harmless and the rule in Lyons v. State, supra, inapplicable."

In Turner v. State, Tex.Cr.App., 486 S.W.2d 797, this Court reasserted the rule set forth in *Frison,* stating: "Appellant having impeached or attempted to impeach Mrs. Blake and her daughter [victims of theft] regarding their identification of appellant, the testimony of Abilene Police Officers Dieken and Marvin regarding identification of appellant rendered any error committed by the admission of such testimony harmless."

In the instant case, after Rouchell had identified appellant at trial, appellant's lengthy cross-examination elicited testimony from Rouchell that he had never seen appellant before the day of the shooting, that he did not know what appellant was wearing on the day in question, that he remembered the man who shot him was "five foot seven or eleven," and that he did not know whether the man who shot him had a "mustache or a goatee or any kind of facial hair on the 25th of November" or whether he was well shaven. In light of appellant having "impeached or attempted to impeach" Rouchell regarding his identification of appellant, we find no error in the court admitting the testimony of officers Huffman and Crowder that Rouchell identified appellant at the scene of the wreck. Frison v. State, supra; Turner v. State, supra.

Appellant contends that the testimony of the officers that Rouchell made a positive identification of appellant was a conclusion on the part of the witnesses, and that the witnesses were not competent to voice such opinions. No expertise is required to testify that a "positive identification" was made. The complained-of statements were nothing more than a "shorthand rendering of the facts." See C. McCormick & R. Ray, Texas Evidence, Sec. 1397 (2d ed. 1956).

Appellant contends the court erred in admitting testimony as to conversations between defense witness Page and officers Brooks and Crowder.

Rouchell testified that appellant made the following statement regarding a gun at the scene of the auto accident on April 30, 1973: "Somebody take this gun. . . . I can't be caught with it."

Donald Ray Page, stepbrother of appellant, testified in behalf of appellant, and on cross-examination the following occurred:

"Q. Do you recall that day [day of the accident] talking to Officer Huffman about that gun, the Officer that was out there at the scene?

"A. Yes.

"Q. You recall telling the Officer that the gun belonged to Smith [appellant]?

"A. No. See, I ain't . . . me and the officer, when we were having our conversation we—wasn't no gun brought up. He asked me one time—he asked me who had the gun and I said, 'Well, I don't know nothing about no gun.' I said, 'my life was in danger and you are asking me about a gun? I don't want to hear it.'"

Page was then asked if he told officer Crowder at a later time "that the gun that was out at the scene of the accident belonged to Andrew Smith [appellant]" and Page denied that he had made such a statement.

Officer Brooks testified that Huffman asked Page at the scene of the accident about the pistol and, over appellant's objection, Brooks was permitted to answer the question and testified that Page told Huffman that the gun belonged to appellant and "that they had given the gun to people that was standing across the street." Officer Crowder was allowed to testify over appellant's objection that she talked to Page on May 1st and that Page told her "that Andrew Smith [appellant] had the pistol and tried to give it to him, and he said 'Hey man, I am on probation. I can't take it.' "

Appellant urges that the testimony of Brooks and Page relative to the pistol was hearsay and inadmissible.

A witness' prior inconsistent statements are admissible to *impeach* the witness. Sierra v. State, Tex.Cr.App., 476 S.W.2d 285; Mitchell v. State, 156 Tex.Cr.R. 128, 239 S.W.2d 384; Marshall v. State, Tex.Cr.App., 384 S.W.2d 893. The rule of admissibility of evidence of this nature should be liberal and the trial judge should have the discretion to receive any evidence which gives promise of exposing falsehood. C. McCormick & R. Ray, Texas Evidence, Sec. 685 (2d ed. 1956); Royal v. Cameron, 382 S.W.2d 335 (Tex.Civ.App., 1964). Unless such testimony "can be brought within the requirements of some recognized exception to the hearsay rule it is usable for impeachment purposes only." C. McCormick & R. Ray, Texas Evidence, Sec. 688 (2d ed. 1956). No reversible error is shown in the instant case due to the court's failure to limit such testimony to the question of impeachment since no objection was voiced or request made that called upon the court to make such limitation. Cook v. State, Tex.Cr.App., 388 S.W.2d 707; Schneider v. State, Tex.Cr.App., 392 S.W.2d 130. We find no error in the admission of the testimony of the witnesses.

The judgment is affirmed.

Opinion approved by the Court.