Floyd **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–82–021–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 16, 1983.

Sturns & Haynes and Louis E. Sturns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and BURDOCK and ASHWORTH, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Floyd Williams, Jr., was convicted by a jury of aggravated rape. Punishment was assessed at eighteen years.

We affirm.

Williams raises three grounds of error in this appeal. First, he complains that the trial court erred by admitting evidence of an extraneous offense. Secondly, he contends that the trial court admitted inadmissible hearsay testimony. Lastly, he contends that the trial court should have granted his motion for mistrial made when the complainant implied that he was on probation.

The record shows that Williams and another man, identified only as "Pee Wee", abducted complainant at gunpoint in front of her sister's apartment, took her into an abandoned apartment directly beneath her sister's apartment, and raped her.

Next, they forced her to give them her car keys. Taking her car, they drove all over the east side of Fort Worth, each raping her several more times. At one point in this escapade, they stopped at a drive-in grocery. Complainant testified that a man walked out of the store and Williams said, "Man, we ought to rob him—." Introduction of this statement is the basis for Williams' first ground of error.

Williams asserts that the introduction of this statement was error because it is evidence of an extraneous offense. The record shows that this statement was made during the criminal transaction episode that Williams was being tried for. Acts of forcible intercourse occurred both before and after the challenged statement.

It is well settled that when an offense is one continuous transaction, proof of all the facts relating to the transaction or other offense is proper as part of the circumstances attending the offense. Such an extraneous transaction is admissible to show the context in which the instant offense occurred as the jury has the right to hear what events immediately surrounded the criminal act charged so that they may realistically evaluate the evidence. *Hoffert v. State,* 623 S.W.2d 141 (Tex.Cr.App.1981); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972). Williams' first ground of error is overruled.

Williams contends in his second ground of error that the trial court admitted inadmissible hearsay testimony. The testimony in question was that of the complainant in which she said that Williams' mother had told her, the complainant, that she had heard her son's (Williams) voice outside her apartment on the night of the offense. The record shows that Williams' mother lived directly across from the abandoned apartment where complainant was first abducted. At first blush, this does appear to be inadmissible hearsay.

However, Williams' mother had earlier testified, as a witness for the defense, that

Williams and his girlfriend spent the evening watching television at her apartment on the day of the offense. The complainant's testimony was rebuttal testimony of a prior inconsistent statement made by Williams' mother and used for the purpose of impeachment. A witness' prior inconsistent statement is admissible to impeach the witness. *Smith v. State,* 520 S.W.2d 383 (Tex. Cr.App.1975). Williams' second ground of error is overruled.

 In his last ground of error, Williams asserts that a mistrial should have been granted when the complainant implied that he was on probation.

The record reflects that the complainant was testifying as a rebuttal witness when the following occurred:

Q. Did the Police Investigator talk with you after Floyd was arrested?

A. Well, nobody called me. I called them, you know, and that's when I found out about his—found his full name out and his Probation Officer—

MR. STURNS: We object to that, Your Honor.

THE COURT: Sustained.

MR. STURNS: Your Honor, may we approach the Bench?

MR. STURNS: Your Honor, we request the Court to instruct the jury to disregard the witness's last statement.

THE COURT: I sustain your objection. Ladies and gentlemen of the jury, you will not consider for any purpose whatsoever the statement made by the witness in answer to the last question.

MR. STURNS: We move for a mistrial, Your Honor.

THE COURT: Ladies and gentlemen, would you mind stepping back into the jury room.

The trial court denied the motion for mistrial. After the jury was returned, the State withdrew the question and answer from the jury. Both counsel also agreed and stipulated, in the presence of the jury, that Williams did not have a probated sentence or a conviction for any offense. Counsel further agreed to waive the re-

quirement that such a stipulation be in writing and that the jury could consider it as evidence.

In the light of the precautions taken by the trial judge and the stipulations by the parties, it cannot be said that the unresponsive answer by the witness was such error as to require a mistrial. Any error that existed was cured by the instructions from the bench and the stipulation by the parties. Williams' third ground of error is overruled.

The judgment is affirmed.