ACCEPTED
14-14-00991-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/27/2015 10:13:23 AM
CHRISTOPHER PRINE
CLERK

## No. 14-14-00991-CR

In the
Court of Appeals
For the
Fourteenth District of Texas
At Houston

———————◆———————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

10/27/2015 10:13:23 AM

CHRISTOPHER A. PRINE
Clerk

### No. 1356861

In the 176th District Court
Of Harris County, Texas

———————◆———————

**BRYAN KOSSIE**
*Appellant*

V.

**THE STATE OF TEXAS**
*Appellee*

———————◆———————

STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ABBIE MILES**
State Bar No:  24072240
Assistant District Attorney
Harris County, Texas

**NICK SOCIAS**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/755-5826
FAX No.:  713/755-5809

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State requests oral argument only if oral argument is requested by the appellant.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Complainant, victim, or aggrieved party:

**Byron Reado**

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Abbie Miles** — Assistant District Attorney on appeal

**Nick Socias** — Assistant District Attorneys at trial

Appellant or criminal defendant:

**Bryan Kossie**

Counsel for Appellant:

**Joseph Salhab** — Counsel on appeal

**Allen Isbell & Rhonda McLeon Chargois** — Counsel at trial

Trial Judge:

**Hon. Stacey Bond** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT……………………………......…i

IDENTIFICATION OF THE PARTIES………………………………...……...i

INDEX OF AUTHORITIES……………………………………………………iii

STATEMENT OF THE CASE…………………………………………………..1

STATEMENT OF THE FACTS…………………………………………….....1

SUMMARY OF THE ARGUMENT…………….…………………………......2

REPLY TO APPELLANT'S FIRST ISSUE PRESENTED
The trial court did not abuse its discretion in admitting Mr. Lee's prior inconsistent statement into evidence because the record does not demonstrate that the State knew that Mr. Lee would claim he had total memory loss, and Mr. Lee did offer some testimony favorable to the State. If this Court finds that the trial court erred in admitting Mr. Lee's prior inconsistent statement, any error was harmless because the trial court gave a limiting instruction to the jury regarding its use of the prior inconsistent statement, and Mr. Lee's identification of appellant as the shooter was corroborated by the an additional witness and his DNA found at the scene…………3

CONCLUSION…………………………………………………………………12

CERTIFICATE OF SERVICE…………………………………………….....……….13

# INDEX OF AUTHORITIES

**Cases**

*Aranda v. State*,
736 S.W.2d 702 (Tex. Crim. App. 1987)...................................................................... 4

*Armstead v. State*,
977 S.W.2d 791 (Tex. App.—Fort Worth, 1998, pet. ref'd)..................................... 6, 7

*Barshaw v. State*,
342 S.W.3d 91 (Tex. Crim. App.2011). ......................................................................... 9

*Campos v. State*,
317 S.W.3d 768 (Tex. App.--Houston [1st Dist.] 2010, pet. ref'd) .............................. 9

*Casey v. State*,
215 S.W.3d 870 (Tex. Crim. App. 2007) ...................................................................... 3

*Geuder v. State*,
142 S.W.3d 372 (Tex. App.--Houston [14th Dist.] 2004, pet. ref'd) ........................... 9

*Hughes v. State*,
4 S.W.3d 1 (Tex. Crim. App. 1999). .......................................................................... 7, 8

*Kelly v. State*,
60 S.W.3d 299 (Tex. App.—Dallas 2001, no pet.)......................................................... 7

*Martinez v. State*,
327 S.W.3d 727 (Tex. Crim. App.  2010) ...................................................................... 3

*Miranda v. State*,
813 S.W.2d 724 (Tex. App.—San Antonio 1991, pet. ref'd)......................................... 4

*Schutz v. State*,
63 S.W.3d 442 (Tex. Crim. App. 2001) ......................................................................... 9

*Sills v. State*,
846 S.W.2d 392 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd)........................... 6

*Smith v. State,*
520 S.W.2d 383 (Tex. Crim. App. 1975). ........................................................................ 4

*Smith v. State,*
734 S.W.2d 694 (Tex. App.—Houston [1st Dist.] 1987, no pet.). ............................... 10

*United States v. Johnson,*
802 F.2d 1459 (D.C. Cir. 1986) ....................................................................................... 4

*Whitehurst v. Wright,*
592 F.2d 834 (5th Cir. 1979) ........................................................................................... 4

**Rules**

TEX. R. APP. P. 9.4(g) ........................................................................................................ i
TEX. R. APP. P. 38.2(a)(1)(A) ........................................................................................... i
TEX. R. APP. P. 39.1 ........................................................................................................... i
Tex. R. App. P. 44.2(b) ..................................................................................................... 9
TEX. R. EVID. 607 ............................................................................................................... 4
TEX. R. EVID. 613(a). ........................................................................................................ 4

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with murder (C.R. 14). Appellant entered a plea of not guilty to the offense (C.R. 118-120; R.R.III 8-9, 11). The jury found appellant guilty and sentenced him to confinement for forty-five years in the Institutional Division of the Texas Department of Criminal Justice (C.R. 115; R.R.IV 72, R.R.V 42-43). A written notice of appeal was timely filed (C.R. 118-120).

——————◆——————

## STATEMENT OF FACTS

The State challenges all factual assertions in appellant's brief and presents the following account of the facts.

Officers Patrick Awomosu and T. Jabbar, of the Houston Police Department, was called out to the shooting scene on June 9, 2012, at 1402 Calhoun (R.R.III 14, 20). Upon arrival, he saw Byron Reado, the complainant, being treated by EMS for the gunshot wounds (R.R.III 15). Mr. Reado was pronounced dead shortly after (R.R.III 15). Officers then proceeded to secure the scene and look for potential witnesses until officers from the homicide division arrived (R.R.III 15). It was later determined that Mr. Reado died from multiple gunshot wounds, with one gunshot wound penetrating his heart and lungs R.R.III 67-68, 70, 78).

Homicide investigators conducted a follow up investigation (R.R.III 54; R.R.IV 5-6). The investigation revealed that multiple witnesses identified appellant, as the shooter (R.R.III 138-139, 115-116, 133; R.R.IV 8, 11-13). Appellant's DNA was also found on a sprite can found at the scene (R.R.III 33-34; R.R.IV 36). Shell cartridges were found at the scene (R.R.III 31, 33). The casings were .40 caliber S & W rounds that were all fired from the same firearm (R.R.III 103).

—————————◆—————————

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion in admitting Mr. Lee's prior inconsistent statement into evidence because the record does not demonstrate that the State knew that Mr. Lee would claim he had total memory loss, and Mr. Lee did offer some testimony favorable to the State. If this Court finds that the trial court erred in admitting Mr. Lee's prior inconsistent statement, any error was harmless because the trial court gave a limiting instruction to the jury regarding its use of the prior inconsistent statement, and Mr. Lee's identification of appellant as the shooter was corroborated by the an additional witness and his DNA found at the scene.

—————————◆—————————

## **REPLY TO POINT OF ERROR**

Appellant argues that the trial court erred in admitting the recorded statement of witness Raymond Lee into evidence under the guise that it was impeachment evidence when in fact the State treated the recorded statement as substantive evidence. However, the trial court did not err in admitting the recorded statement because the State did not know that Mr. Lee would claim total memory loss, and despite his alleged memory loss, appellant was able to offer some evidence favorable to the State. If this Court finds that the trial court erred in admitting the complained of evidence, any error was harmless because the trial court gave a limiting instruction regarding use of Mr. Lee's recorded statement. Additionally, another witness identified appellant as the shooter, and appellant's DNA was found at the scene, thus the complained of statement was repetitive of additional evidence that was properly before the jury for consideration. Appellant's point of error should be overruled.

## **Standard of Review**

When reviewing a trial court's decision on the admissibility of evidence the proper standard of review is abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). An abuse of discretion only occurs when a decision "lies outside the zone of reasonable disagreement." *Id.*; *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). The trial court's decision does not constitute an abuse of discretion if the decision can be upheld on any theory of law. *Id.*

**Analysis**

A witness' prior inconsistent statements are admissible to impeach a witness. *Aranda v. State*, 736 S.W.2d 702, 707 (Tex. Crim. App. 1987). A witness can be impeached by either party. *See* TEX. R. EVID. 607. The rule of admissibility of evidence of prior inconsistent statements should be liberally construed and the trial judge should have discretion to receive any evidence which gives promise of exposing falsehood. *See Smith v. State*, 520 S.W.2d 383, 386 (Tex. Crim. App. 1975). Prior to impeaching the witness with the prior inconsistent statement, the witness "must be told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement." TEX. R. EVID. 613(a).

"There has always been a danger that a party may attempt to use a prior inconsistent statement under the guise of impeachment for the primary purpose of placing before the jury evidence which is not otherwise admissible and which may be treated as substantial evidence." *Miranda v. State*, 813 S.W.2d 724, 735 (Tex. App.—San Antonio 1991, pet. ref'd). Texas Rule of Evidence 403 requires that "impeachment by prior inconsistent statement may not be permitted where employed as a mere subterfuge to get before the jury evidence not otherwise admissible." *Whitehurst v. Wright*, 592 F.2d 834, 839 (5th Cir. 1979); *see also United States v. Johnson*, 802 F.2d 1459, 1466 (D.C. Cir. 1986); *See also Miranda*, 813 S.W.2d at 735 (holding that to

prevent against a "straw-man ploy…Courts should balance the probative value of admitting the prior inconsistent statement for its legitimate impeachment purpose against the danger of unfair prejudice created by the jury misusing the statement for substantive purposes").

In the present case, witness Raymond Lee stated that he did not remember giving a statement to police in which he identified appellant as the person who murdered Mr. Reado (R.R.III 91). The State offered Mr. Lee's prior recorded statement into evidence (RR.R.III 106-107). Mr. Lee stated that the voice on the recording sounded like his voice (R.R.III 107, 139). The trial court concurred that the voice on the recording sounded like Mr. Lee's voice (R.R.III 107). Mr. Lee acknowledged that his name appeared on photospreads where he identified appellant as the shooter, and another witness by name, but denied that the signature was his (R.R.III 138). Appellant declined to cross examine Mr. Lee (R.R.III 139). The jury was given a limiting instruction after the recording was played for the jury and then, again, in the jury charge (R.R.III 139-140; C.R. 98). The limiting instruction stated that the recording "was played for the purpose to impeach the witness with a prior inconsistent statement…[ and] was admitted to aid [the jury] in considering Mr. Lee's testimony[, which is] only to be used for impeachment purposes[, and] cannot be and should not be used [by the jury] as substantive evidence of those facts stated." (R.R.III 139-140).

Appellant cites *Sills*[1] and *Armstead*[2] in support of his argument that "the [S]tate intended that the jury hear [Mr.] Lee's statement and consider it as evidence which would not have otherwise been admissible" when the State knew that Mr. Lee would claim memory loss.[3] In *Sills*, the witness refused to answer questions from the State. *Sills*, 846 S.W.2d at 396. The State then questioned the witness regarding a prior statement he made to police, going line by line throughout the entire written statement asking "isn't it true your statement reads" or "isn't it true you further stated." *Id.* The witness neither agreed nor disagreed with any of the statements. *Id.* This Court held that "[t]he trial court erred in allowing the prosecutor to use [the witness's] police statement after he repeatedly refused to answer" because the State simply used the statement to put information in front of the jury that the witness refused to repeat or deny from the witness stand. *Id.* These facts are quickly distinguishable from the facts of the present case. In the present case, Mr. Lee did not refuse to answer questions. To the contrary, he answered every question asked of him, albeit claiming he did not remember giving the prior statement to police (R.R.III 137-139). Thus the holding in *Sills* does not apply to the present case.

Appellant then urges this Court to look to *Armstead* in support of his argument that "the [S]tate knew that [Mr.] Lee would claim memory loss, and that the [S]tate called him as a witness with the intention of introducing otherwise inadmissible

---

[1] 846 S.W.2d 392 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).
[2] 977 S.W.2d 791 (Tex. App.—Fort Worth, 1998, pet. ref'd).
[3] Appellant's brief at 10-11.

6

evidence under the guise of impeachment."[4] In *Armstead*, the San Antonio Court of Appeals held that "it was improper for the State to call [the witness] knowing that he would feign a memory loss only to introduce facts into evidence by asking leading questions." *Armstead*, 977 S.W.2d at 796.

"[T]he State's knowledge that its own witness will testify unfavorably is a factor the trial court must consider when determining whether the evidence is admissible under Rule 403." *Hughes v. State*, 4 S.W.3d 1, 5 (Tex. Crim. App. 1999). "…[G]rafting a surprise requirement would contravene the plain language of Rule 607…" *Id.* at 5. In the present case the prosecutor informed the trial court that he "I just now talked to Raymond Lee just now and he tells me he suffers from amnesia and doesn't remember what happened…His exact words were he had a car accident, he now suffers memory loss, and distinctly this murder case is what affects his memory." (R.R.III 76). As of a week before the trial, the State had no knowledge that Mr. Lee was going to claim memory loss regarding the murder and his prior statement to law enforcement and identification of appellant as the shooter (R.R.III 94). Given Mr. Lee's vacillation from a week prior to trial to the day he testified, the record does not clearly indicated that the State unequivocally knew that Mr. Lee would claim total memory loss once he took the witness stand. *See Kelly v. State*, 60 S.W.3d 299, 302 (Tex. App.—Dallas 2001, no pet.) (holding that "although the State 'suspected' its witness could turn, it had no reason to know for certain….[and since the Court]

---

[4] Appellant's brief at 12.

cannot say the State in this case *knew* [the witness] would recant" the prior inconsistent statement was admissible.).

Rule 403 only requires exclusion of the prior inconsistent statement when "the jury misuses the evidence by considering it for its truth." *Hughes,* 4 S.W.3d at 5. In *Hughes*, the Court held that since the State was unable to elicit any favorable testimony from the witness, the primary purpose of calling the witness was to place before the jury otherwise inadmissible evidence. *Id.* at 7. Using the same reasoning employed in *Hughes*, the primary purpose of calling Mr. Lee as a witness was not under the guise of impeachment because the State was able to elicit favorable testimony from Mr. Lee. Mr. Lee made two identifications in the recording (R.R.III 138). Mr. Lee acknowledged that his name appeared on the identifications, but claimed that the signature was "not how [he writes his] name." (R.R.III 138). As to the recording, Mr. Lee stated that the voice on the recording "sounded like [him]" (R.R.III 139). Mr. Lee acknowledged that that he identified the person that shot and killed Mr. Reado (R.R.III 139). Since Mr. Lee did testify to this favorable evidence for the State, the trial court did not err in concluding that the State had another legitimate reason for calling him as a witness other than simply under the guise of impeachment.

The trial court did not abuse its discretion in admitting Mr. Lee's prior inconsistent statement because the record does not indicate that the State *knew* Mr. Lee would testify wholly inconsistent with his prior statement, and Mr. Lee did provide some favorable testimony for the State, thus demonstrating that the State did

8

not call Mr. Lee as a witness under the guise of impeachment. Appellant's point of error should be overruled.

**Harm Analysis**

If this Court finds that the trial court abused its discretion in admitting Mr. Lee's prior inconsistent statement, such error was harmless. Violation of evidentiary rules is reviewed for nonconstitutional error. *Geuder v. State,* 142 S.W.3d 372, 376 (Tex. App.--Houston [14th Dist.] 2004, pet. ref'd). As nonconstitutional error, this Court must review the erroneous admission under Rule 44.2(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 44.2(b); *see Campos v. State,* 317 S.W.3d 768, 779 (Tex. App.--Houston [1st Dist.] 2010, pet. ref'd) (the erroneous admission of a hearsay statement constitutes nonconstitutional error). When an appellate court applies Rule 44.2(b), it must disregard nonconstitutional error unless it affects the appellant's substantial rights. *Barshaw v. State,* 342 S.W.3d 91, 93 (Tex. Crim. App.2011). An appellate court should not overturn a criminal conviction for nonconstitutional error "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or influenced the jury only slightly." *Id.* (*quoting Schutz v. State,* 63 S.W.3d 442, 444 (Tex. Crim. App.2001)).

In the present case, the trial court immediately gave a limiting instruction to the jury regarding the admission of Mr. Lee's prior inconsistent statement. The trial court told the jury that Mr. Lee's prior inconsistent statement "was played for the purpose to impeach the witness with a prior inconsistent statement…[ and] was admitted to

9

aid [the jury] in considering Mr. Lee's testimony[, which is] only to be used for impeachment purposes[, and] cannot be and should not be used for [the jury] as substantive evidence of those facts stated." A limiting instruction was also repeated in the jury charge (C.R 98). Appellant argues that "[d]espite the curative instruction, it cannot be concluded that [Mr. Lee's] inadmissible statement did not contribute to [appellant's] conviction."[5] However, when reviewing nonconstitutional errors, errors that had only a slight effect must be disregarded. *Id.* Appellant's argument fails to take into consider this standard when assessing harm.

Cumulative evidence of the erroneously admitted evidence can render error harmless. *Smith v. State*, 734 S.W.2d 694, 696 (Tex. App.—Houston [1st Dist.] 1987, no pet.). In the present case, Mr. Lee was an eyewitness to the murder and identified appellant as the shooter (R.R.III 138-139). However, Mr. Lee was not the only witness to the murder. Ms. Wooten also saw the murder and observed appellant shoot and kill Mr. Reado (R.R.III 113-116, 133). Ms. Wooten identified appellant as the shooter at trial (R.R.III 115). Thus any prejudicial impact from erroneously admitting Mr. Lee's prior inconsistent statement was assuaged by the repetition of the same evidence by another witness. Appellant still argues that Ms. Wooten's testimony echoing Mr. Lee's identification of appellant as the shooter does nothing to mitigate the prejudicial effect of admitting inadmissible evidence because "defense counsel sufficiently cross-

---

[5] Appellant's brief at 13-14.

examined [Ms. Wooten] as to discredit her in the eyes of the jury."[6] However, credibility of the witnesses is the sole province of the jury, and the jury was entitled to believe every word of Ms. Wooten's testimony regardless of how lightly or heavily she was cross examined. *See Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The verdict of guilt indicates that the jury found Ms. Wooten's testimony credible. This credibility determination should not be upset by an appellate court. *Id.*

Additionally, further corroborating Mr. Lee and Ms. Wooten's identification of appellant as the person who murdered Mr. Reado is the evidence showing that appellant's DNA was found on a sprite can found at the scene (R.R.IV 36). Appellant never offered a non-incriminating reason for why his DNA would be found at the scene of the murder. Thus, there was substantial additional evidence pointing to appellant's guilt that rendered any potential harm from admitting Mr. Lee's prior inconsistent statement into evidence harmless. Appellant's point of error should be overruled.

————————◆————————

---

[6] Appellant's brief at 13.

## CONCLUSION

It is respectfully submitted that all things are regular and that the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ Abbie Miles
**ABBIE MILES**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 24072240
Miles_abbie@dao.hctx.net
Curry_Alan@daohctx.net


## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 3,176 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Abbie Miles

**Abbie Miles**
Assistant District Attorney

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the appellant's attorney at the following address on October 27, 2015:

Joseph Salhab
2028 Buffalo Terrace
Houston, Texas  77019

/s/ Abbie Miles
**ABBIE MILES**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 024072240
Miles_abbie@dao.hctx.net
Curry_Alan@dao.hctx.net

Date:  October 27, 2015