ALTHEA WILSON V. STATE.

No. 26,263. March 4, 1953.

*Justice, Justice & Rowan,* by *Wm. Wayne Justice,* of counsel, Athens, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully selling whisky in a dry area, with punishment assessed at a fine of $200 by reason of a prior conviction of an offense of like character, under Art. 61, Vernon's P. C.

The sale was alleged to have been made to Levi Head, who testified that he purchased two pints of whisky from appellant at her home and that almost immediately after the appellant had delivered him the whisky he was taken into custody by Brownlow, a deputy sheriff, and taken to jail. Appellant denied the sale.

Notwithstanding the fact that appellant had invoked the rule as to all witnesses, the trial court refused to require Deputy Sheriff Brownlow, who arrested the witness Head at the home of appellant, to be placed under the rule, and Brownlow remained in the courtroom during the trial, heard all the witnesses testify in the case, and, over appellant's objection, was permitted to testify as to facts occurring at the time of the alleged sale and at the time he took the witness Head into custody together with the two pints of whisky.

Brownlow's testimony directly corroborated that of the witness Head and contradicted the testimony of the appellant upon the issue of appellant's guilt or innocence.

Appellant's request for the rule invoked the provisions of Art. 644, C. C. P., which reads as follows:

"At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the court room to some place where they can not hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under rule."

This right to have witnesses separated and excluded from the courtroom during the introduction of testimony is a material right which is said to be a heritage of the common law and originating in the History of Susanna, a book of the Apocrypha.

It has been the long and repeated holding of this court that the right stated under Art. 644, C. C. P., hereinbefore referred to, is directory rather than mandatory and that trial courts are given much latitude, as a matter of discretion, in the enforcement thereof. Especially is that true when the witness who is exempted from the rule is, as here, an officer of the court. This discretionary power of the trial court was, by the legislature, expressly enacted into Art. 645, C. C. P., by the codification of 1925.

Our review, here, is to determine whether the trial court has abused his discretion in exempting the witness Brownlow from the rule and permitting him to testify.

The bill of exception certified that "Except for his testimony, the presence of the witness, J. W. Brownlow, in the courtroom was not necessary to the transaction of the court's business." It is further certified in the bill of exception that another deputy sheriff acted as bailiff and was at all times in attendance upon the court.

By this certification the trial court rendered inapplicable the rule announced by those cases which hold that the trial court is warranted in excusing from the rule officers of the court the presence of whom is deemed by him to be necessary or incident to the operation of the court or the trial.

Hence the question narrows itself as to whether, under the immediate facts, the trial court abused his discretion in permitting the witness Brownlow to remain in the courtroom during the trial, hear the testimony of the one witness for the state and that of the appellant, and then take the witness stand and testify to facts directly corroborating the state's witness and contradicting the appellant upon a question of fact in the case upon which the guilt or innocence of appellant was drawn before the jury.

No good reason, or excuse, or justification for refusing to enforce the rule is here shown.

If the court had qualified the bill, certifying that the officer witness was needed to maintain order in the courtroom or otherwise assist the court during the trial, and, knowing the high character and integrity of the witness, decided he could be excused from the rule, an abuse of discretion would not be shown.

The conclusion is expressed that the trial court abused his discretion in excusing the state's witness Brownlow from the rule.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.