JULES L. LAIRD V. STATE

No. 26,874. March 17, 1954
Rehearing Denied May 12, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 9, 1954

L. W. Graves, Jr., and Edmund B. Duggan, Houston, for appellant.

*William H. Scott,* District Attorney, *Frank Briscoe* and *King C. Haynie,* Assistants District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is indecent exposure to a minor; the punishment, three years.

Prosecutrix, a thirteen-year old girl, testified that on the day in question, while walking home alone from the picture show, she passed a Cadillac parked on Stanwick Drive near Telephone Road, that the appellant was sitting on the back of the front seat and beckoned to her by a motion of his hand. The witness stated that as she passed the automobile he exhibited his private parts to her. She testified that immediately thereafter the appellant drove away, and Mr. Reynolds and Mr. Lemmon drove up and asked her if that man had bothered her and she told them what the appellant had done.

H. W. Lemmon, an employee of the United Gas Corporation, testified that he and Mr. Reynolds were traveling in an automobile on Telephone Road on the day in question, that he observed the appellant standing near the rear of a Cadillac, and the prosecutrix was some short distance to the rear of the automobile walking away from it. The witness stated that the appellant's trousers were open and that his private parts were visible. The witness stated that he drove up Telephone Road until he could make a turn, and after doing so he drove back to the spot where he had first observed appellant and that appellant got in his automobile and drove away. Lemmon testified that he and his companion drove around in the area until they saw the Cadillac parked the second time, that its door was open, that the appellant was moving about therein, and the little girl was coming toward it on the opposite side of the street. The witness stated that as they drove up the appellant left at a high rate of speed, that he took the license number and stopped to talk to the girl, who said the appellant had made an effort to call her to him.

Mr. Reynolds corroborated the testimony of his companion except as to the first exposure, which he did not see and which evidently was not seen by the prosecutrix. Reynolds did testify, however, that as they drove up behind the Cadillac the appellant opened the door of the automobile and made some sort of gesture to the girl.

Officer Noe of the Houston police testified that he talked to the appellant in his office for approximately an hour and reduced appellant's confession to writing, from which we quote:

"I do not know who this girl was, nor, had I ever seen her before that I recall. Anyway, I circled around and got in position where the girl would walk past me in the car where I was parked. When the girl got up even with my car I showed her my 'penis'. I had already taken my penis out of my trousers before she got up even with me. I did not get out of the car. I just displayed my penis there in the car. To make this a little clearer, what I really did was just raise up in the seat of the car leaning over the seat and exposed my penis to this girl. I don't know why I wanted to show her my penis, unless I believed that the girl would get a kick out of seeing it."

The appellant, testifying in his own behalf, stated that shortly before the day in question he had contracted gonorrhea, that at the time and place mentioned in the testimony of the state's witnesses he had stopped his automobile because of pain in and in order to examine his private part, that the prosecutrix passed just as he reached in the rear of his automobile to get a towel, and that the only motion he made was to cover up his privates after he saw the girl.

Concerning the confession, the appellant testified that the police had called him to come down to the police station on the afternoon it was made and that he was placed in a cell until he was taken in to see Officer Noe. Appellant testified that he signed the statement because the officers would not let him use the telephone, because they led him to believe that he was not chargeable with a serious offense, because he was worried about his business which he had left unattended, and because he wanted to get out of jail.

Dr. Watson testifid that appellant had been treated by him for gonorrhea three days prior to the day in question.

We shall now discuss the contentions raised by earnest counsel in their brief.

Appellant contends that the evidence is insufficient to support the conviction and that the testimony of the state's witnesses refutes his guilt rather than establishes it. He says that we should not consider the testimony of Lemmon about the first exposure because this part of his testimony was not, as we

have noted before, corroborated by prosecutrix or Reynolds. He says further that there is an inherent conflict in the testimony of Lemmon and Reynolds on the one hand and prosecutrix on the other in that the men place the appellant sitting under the steering wheel while the prosecutrix places the appellant sitting on the back of the front seat, which he says would have made it physically impossible for him to expose himself in such a position. In discussing these inconsistencies, which are similar to others which we find in many cases that come before us, the appellant does not mention the confession. In fact, nowhere in the brief do we find it mentioned. We are not at liberty to forget about it as is the appellant. There can be no serious question of the voluntary nature of the confession, and it is amply corroborated by the testimony of the witnesses.

Two bills of exception relate to the refusal of the court to admit into evidence three photographs. The appellant testified that following his arrest he drove his Cadillac to where it had been parked on the day in question and took pictures of it. The pictures which were tendered are attached to the bills of exception for our examination. They show an empty late model tudor Cadillac parked on a paved street in a not completely built up residential section of a city or town, and nothing more. We must decide whether the error of the court in refusing to admit such pictures, if it be error, is of sufficient gravity to call for a reversal of this conviction. We are only passingly concerned as to whether the objection to the pictures was proper. We are, however, deeply interested in whether or not the appellant's case was materially injured by their exclusion. Appellant would have us accept the statement of the prosecutrix that appellant was seated on the back of the seat, ignore the remainder of the evidence, and conclude that the pictures were material to show that the thirteen-year old girl was in error. We quote again from the confession, "What I really did was just raise up in the seat of the car leaning over the seat and exposed my penis to this girl." We fail to see how any picture could have refuted this evidence.

Appellant next complains that venue was not proven. Article 347, V.A.C.C.P., provides that, unless made an issue in the trial court, this court shall presume that venue was proven. The cases cited by appellant were either violations of the liquor law where it was not shown that the area was dry or cases in which venue was made an issue during the trial and have no application to the case before us.

Bill of Exception No. 11 complains of the overruling of the motion for new trial based on newly discovered evidence. It is recited therein that during the trial the witnesses Lemmon, Officer Biggs and Reynolds were placed under the rule. The bill contains an affidavit of Guinn, a character witness for the appellant, which states that during the trial Lemmon came out of the courtroom and asked Officer Biggs if he should brief Reynolds on what questions were asked in the courtroom, that Officer Biggs made some answer which the witness did not hear, and that thereafter Lemmon and Reynolds had a conversation which he also did not hear. The affidavit further recites that the witness did not tell anyone about this occurrence until after the trial was over.

The appellant has failed to grasp the full effect of the rule. Articles 644 and 645, V.A.C.C.P., provide for placing the witnesses under the rule. This court has held it reversible error for a witness to be permitted to testify over objection where the rule has been violated. It is not a violation of the rule which constitutes reversible error; it is the erroneous ruling of the court on an objection which we review.

Article 647, V.A.C.C.P., provides for the instructions to be given the witnesses and requires an officer who learns of a violation to report the same to the court so that the violating witness may be punished for contempt.

At most, all that is reflected by this bill is a matter which gives rise to an intimation that the rule might have been violated. If Officer Biggs had answered the question in the negative, as it was his duty to do, and the witnesses had talked about personal matters, the rule would not have been violated. The court qualified the bill by certifying that the rule had not been violated..

Be that as it may, we know of no case which holds that a violation of the rule made known to the court for the first time on motion for new trial has been held to be reversible error. It is the duty of either party to object to the testimony of the witness when given.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant directs our attention to his motion for instructed verdict wherein he insisted that the state had failed to prove venue.

We have again examined the record and find that the venue was sufficiently established. The prosecutrix described the place where she first saw appellant as being "on Stanwick Drive." She testified that there was a larger and better known street there which was Telephone Road; that appellant's car was on Stanwick Drive about the middle of the block; that he was still there when the witnesses Reynolds and Lemmon came up and he started his car, turned toward Telephone Road, then to his right.

Lemmon testified that he saw appellant "just to the west of Telephone Road on the intersection of Telephone Road and a gravel street" which he thought was either Westover or Stanwick; that appellant was on the side road off Telephone Road, the car facing away from Telephone Road; that he saw appellant's genitals exposed and saw the prosecutrix walking away from the man and the car at one and the same time; that after passing, he and his companion returned to that intersection; that he later saw the Cadillac car parked on a side street facing Telephone Road and saw the prosecutrix walking away from Telephone Road toward the car; that the occupant of the car appeared to be getting in or about to step out of the car; and that he "took off at a rapid rate as we came up behind him." He later gave the following testimony.

"Q. The intersection that you described out there on Telephone Road, Mr. Lemmon, is that place here in Harris County, Texas? A. Yes, it is."

This testimony we find sufficient to establish venue of the case in Harris County.

Appellant again urges that the ruling of the trial judge in excluding the picture of his Cadillac car deprived him of material testimony and should call for reversal.

It appears to be appellant's theory that the pictures were admissible for the purpose of showing the impossibility of prosecutrix' testimony that he was "sitting on the back of the seat" —the front seat of his Cadillac—when he exposed himself to her.

If this testimony is to be construed literally to mean that appellant was seated in a normal upright position on the back of the front seat of an automobile which has, as the evidence shows, a hard top, it is apparent that no photograph or testimony as to measurement would be required to show that the witness was mistaken. We think, however, that the portion of appellant's confession quoted in our original opinion and his testimony explain and are not inconsistent with the little girl's description of his position in the car when she saw his sexual parts.

Appellant testified that he stopped his car on Stanwick off Telephone Road; that he "reached back over the seat to get the towel off the floor board," and "when I was coming back up over the seat, I saw the little girl coming along the side of the street. . . . . The only motion I made was to try to cover myself up until I got back down into the seat. . . . ."

We remain convinced that the evidence is sufficient to sustain the conviction and that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.