### SAMUEL M. HOLMES V. STATE

No. 31,460. March 2, 1960

Motion for Rehearing Overruled April 13, 1960

*Johnnie B. Rogers,* Austin, for appellant.

*Les Procter,* District Attorney, *David S. McAngus,* Assistant District Attorney, and *Leon Douglas,* State's Attorney, all of Austin, for the state.

WOODLEY, Judge.

The offense is rape; the punishment, death.

The prosecutrix, age 53, a widow and a grandmother, employed as clerk-typist, occupied a downstairs apartment with a lady of about the same age.

The prosecutrix was alone in the apartment, preparing to take a bath, when she heard a noise and then saw a hand flip off the light switch.

Prosecutrix managed to get the bathroom door closed and bolted and she then opened the bathroom window and began to scream for help.

The intruder then broke a wood panel of the door and entered the bathroom.

A detailed statement of the assault and rape of the prosecutrix by the intruder is not deemed necessary. Suffice it to say that she was severely beaten about the head and was ravished, as a result of which her eyes were closed. She spent some eleven days in the hospital as a result of the attack.

An examination of the apartment revealed a hole in a window screen which was unlatched.

That appellant was the intruder who entered the apartment through this window and assaulted and ravished the prosecutrix was shown by his confession and by finger print found on the underside of the venetion blind at said window which was identified as being the print of appellant's left thumb.

Three grounds for reversal of the conviction are presented by brief and oral argument in appellant's behalf.

The first relates to the claim that the trial judge acted arbitrarily in admitting the testimony of Merle Wells, a state witness who had violated the rule.

The witness was Lieutenant Wells of the Austin Police, in charge of homicide, whose testimony before the jury included the investigation of the crime and the results of the examination of the apartment, the cut screen, broken bathroom door and the finger print, and the taking of the confession.

When Lt. Wells testified that he had taken a statement from appellant, counsel for appellant requested that he be permitted to examine the witness outside the presence of the jury.

The jury was retired and Lt. Wells was examined and cross-examined on the circumstances surrounding the taking of the confession, and his testimony was such as to sustain a finding that the confession was voluntarily made and was admissible.

Appellant then asked and was granted permission to call appellant as a witness for the limited purpose of testifying on the inquiry as to the admissibility of the confession. Appellant then testified in the jury's absence.

Having heard the testimony on the question in the jury's absence, the trial judge held that there was a disputed fact issue; that the objection to the admission of the confession would be overruled and that the issue of fact would be for the jury.

The trial then proceeded before the jury and the examination of the witness Lt. Wells was resumed. Lt. Wells then testified to substantially the same facts as he had testified to in the jury's absence, and the confession was offered in evidence.

Appellant then made his objection to the introduction of the confession in the jury's presence on the ground that it was not a voluntary statement of the accused, which objection was overruled.

Appellant was then permitted to take Lt. Wells "on voir dire" and, he having testified that he was present during part of the time appellant was testifying before the court in the jury's absence, appellant moved that Lt. Wells "is not a proper witness for this voir dire examination as to the admissibility of the confession."

The trial judge denied the motion and permitted Lt. Wells to continue testifying and appellant's counsel proceeded with their examination of him in the jury's presence, but failed to elicit any testimony tending to show that the confession was inadmissible.

The contention that the court's ruling was arbitrary and calls for reversal cannot be sustained for a number of reasons.

First, Lt. Wells was the witness who was testifying before the jury. He was excused temporarily while other testimony was being heard in the jury's absence, but remained the witness who was testifying and he continued to testify before the jury upon its return. He remained in the courtroom for some 5 or 10 minutes before the trial judge, who was hearing the defendant's testimony in the jury's absence, told him to leave. He had testified at length on the question to which appellant's testimony before the court was limited, and had testified before the jury to the facts and circumstances surrounding the taking of the confession, and the court had ruled that the confession would be admitted, before his right to testify was questioned.

After the court's ruling, Lt. Wells testified before the court and before the jury to substantially the same facts he had testified to before he heard a part of appellant's testimony.

The trial judge stated in his ruling that he did not believe that Lt. Wells had heard enough of the testimony "to color his testimony".

Whether or not a witness may be permitted to testify who has remained in the courtroom while another witness is testifying is within the discretion of the trial judge, but such discretion must not be abused. Art. 644 and 645 V.A.C.C.P.; Perry v. State, 160 Tex. Cr. R. 8, 266 S.W. 2d 171; Wilson v. State, 158 Tex. Cr. R. 334, 255 S.W. 2d 520.

We are aware of no authority under which the trial judge may withdraw testimony which a witness had given prior to his violating the rule or before such violation has been made known to the court by proper objection. The decisions appear to be to the contrary. Laird v. State, 160 Tex. Cr. R. 264, 268 S.W. 2d 158, 160.

The contention that the trial judge acted arbitrarily or abused his discretion in the matter is overruled.

The second ground for reversal is that the court erred in overruling appellant's motion for new trial based upon the claim that the jury's verdict was influenced by new and harmful testimony given by one of the jurors during their deliberations.

The motion, sworn to by appellant, moved that he be granted a new trial "because, owing to what defendant believes to be misconduct of the jury," he had not received a fair and impartial trial. The allegation was made that the jury had agreed among themselves not to discuss the case with defendant's counsel, but that in talking with the juror Mrs. Walls "defendant's counsel was convinced" that she would give testimony that would show jury misconduct. It was further alleged that because of her agreement with the other jurors, Mrs. Walls would not furnish defendant's counsel with an affidavit as to jury misconduct, but indicated to counsel her willingness to testify "if made to" by the court.

It is apparent that the statements sworn to by appellant are hearsay and do not satisfy the requirements of a motion for new trial alleging the receipt of evidence by the jury or misconduct of the jury during its deliberations.

The trial judge recognized the insufficiency of the pleading but heard the testimony of appellant's counsel, which added nothing in the way of facts showing jury misconduct or receipt of evidence during the deliberations of the jury. He also heard the testimony of Mrs. Walls, who requested that she be permitted to testify.

The nearest Mrs. Walls came to testifying to evidence being received by the jury while deliberating was that someone remarked about "a couple of farmers who killed a man and were sentenced for life and in 5 years were out on parole." *There is no showing that any juror changed his vote after this remark was made, or whether it was made before or after all had agreed upon the extreme punishment.*

The question of jury misconduct is not before us. Vowell v. State, 156 Tex. Cr. R. 493, 244 S.W. 2d 214; Barnett v. State, 160 Tex. Cr. R. 622, 273 S.W. 2d 878; Valdez v State, 157 Tex. Cr. R. 363, 248 S. W. 2d 744.

If the question is before us the testimony of Mrs. Walls does not warrant reversal of the conviction. Montello v. State, 160 Tex. Cr. R. 98, 267 S.W. 2d 557.

The remaining ground for reversal is the contention that the district attorney commented directly or indirectly on appellant's failure to testify.

The incident relied upon did not occur during jury argument, but at the conclusion of the state's case when appellant's counsel tendered him as a witness "solely for the purpose and restricted to the purpose of testimony on the admissibility of the purported confession into evidence."

The claimed reference to appellant's failure to testify is based upon the objection of the district attorney in which he said: "We recognize the right of the defendant as a witness, but * * * no limitations should be placed upon the witness * * * ."

The trial judge correctly declined to limit the cross-examination of the appellant as a witness, should he testify, and he did not elect to testify before the jury.

The district attorney had the right and duty to make his objection to the tender of appellant as a witness conditioned that his testimony be limited, and his objection cannot be construed as a reference to his failure to testify.

It is apparent that at the time the objection was made the defendant had not failed to testify. He was offering to testify but wanted his cross-examination restricted to the question of the admissibility of his confession.

It is also apparent that neither the district attorney, the trial judge, appellant or his counsel knew at the time the objection was made that appellant would not testify. That was a matter to be decided after the objection was ruled upon.

The complained of remarks not constituting a violation of Art. 710 C.C.P. prohibiting reference to the defendant's failure to testify, we find it unnecessary to consider or discuss the matter of whether the question is properly raised.

All of the testimony before the jury was to the effect that the confession was voluntarily made and no issue was submitted or requested. From the record before us we are unable to reach the conclusion that appellant's confession was inadmissible as a matter of law.

The issues raised by the evidence heard by the jury were fairly presented by the court's charge, to which there were no objections, and were resolved against appellant.

The evidence sustains the jury's verdict assessing the extreme penalty and we find no legal ground for setting aside the jury's findings.

The judgment is affirmed.