Walter DAY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 42422.

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Rehearing Denied March 18, 1970.

William L. Bondurant, Phillip C. Mc-Gahey, Frank M. Gilstrap, Arlington, for appellant.

Frank Coffey, Dist. Atty., and William A. Knapp and Truman Power, Asst. Dist. Attys., Fort Worth and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for murder; the punishment, thirty-three years.

The sufficiency of the evidence is challenged. It is contended that the proof does not show that the body examined by the pathologist was that of R. D. Campbell, the person alleged to have been killed. The record reflects that appellant did foundation work at an apartment house construction project. After an argument about the amount of money due the appellant, because an inspector rejected some of his work, appellant, on September 23, 1968, shot R. D. Campbell twice with a .25 caliber pistol (State's Exhibit No. 1). Appel-

lant testified that he fired the gun at Campbell.

Frank Shiller of the Fort Worth Crime Laboratory testified that he test-fired the pistol and compared the bullets with one taken from the victim, and the following transpired:

"Q. (Mr. Knapp, Assistant District Attorney) Is Defendant's Exhibit No. 2 the projectile that was received by you as being the bullet removed from the skull of Rodger D. Campbell?

"A. Yes, sir, this was the one received. I don't know where it was received from, from what part of the body, that is, but it is the one from the victim.

"Q. Okay. Did you make any ballistics comparisons between Defendant's Exhibit No. 2 and State's Exhibit No. 1?

"A. Yes. This bullet, Defendant's Exhibit No. 2, was compared with the test bullet from the pistol, State's Exhibit No. 1, and a positive comparison was made. That is the bullet Defendant's No. 2 was fired from the pistol, State's Exhibit No. 1."

Jimmy Campbell testified that R. D. Campbell was his brother and was the one killed. Dr. Feliks Gwozdz, a pathologist, testified that he examined the body of R. D. Campbell September 26, 1968, and the cause of death was a gun shot wound in the head.

The evidence is sufficient to show that R. D. Campbell, as alleged in the indictment, was the person killed by appellant.

■ Complaint is made that reversible error was committed when the trial court permitted Jimmy Campbell to testify, after it was ascertained that he had been in the courtroom when other witnesses had testified.

The rule, in accordance with Article 36.01, Vernon's Ann.C.C.P., had been invoked. Jimmy Campbell, who had not been listed as a witness by the State, and who had not been placed under the rule, testified in the absence of the jury that he had heard two of the eye-witnesses to the shooting testify and that he had not discussed the case with other witnesses and had not heard the testimony of witnesses who testified that deceased had threatened to kill appellant.

Before the jury, Campbell testified that he had heard his brother, the deceased, ask Villareal and Manning to tell appellant not to come to the construction site that day. He further testified that no threats were made by his brother.

Villareal and Manning had previously testified that the deceased told them that he would shoot appellant if he came out to the apartment complex. Campbell testified that he was not present at the time of the shooting.

In Davidson v. State, Tex.Cr.App., 386 S.W.2d 144, we find:

"It appears from the statement of facts that the witness Clark was in the courtroom. She testified on voir dire examination that she heard a portion of Hamilton's testimony. It has long been the rule that the ruling of the trial court on an objection to a witness' testifying when he has remained in the courtroom, after having been placed under the rule, may not be relied upon as ground for reversal unless an abuse of discretion is shown; and until the contrary has been made to appear, it will be presumed on appeal that discretion was properly exercised."

See 1 Branch's Ann.P.C.2d, Section 365.

There has been no showing that the trial court abused its discretion in permitting Campbell to testify. His testimony

did not coincide with any material testimony of the other witnesses for the State and did not contradict the testimony of any defense witness that he heard.

Schneider v. State, Tex.Cr.App., 392 S.W.2d 130, held that it was not error for a witness to testify after the rule had been invoked where the testimony heard by the witness, who had not been sworn and placed under the rule, did not concern that which the witness was called to testify.

No abuse of discretion or reversible error has been shown.

■ Next, it is contended that the court erred in refusing to admit into evidence a written statement made by appellant.

The record reflects that after appellant shot the deceased, he was followed or chased by Paul Christensen from the construction site to the police station in Arlington. Appellant entered the station shortly after 2:00 p. m., and told the officer that he had just shot a man and surrendered the pistol. The written statement that was sought to be introduced was made at 3:15 p. m. Appellant contends that even though the written statement contained self-serving declarations it should have been admitted as res gestae.

In Warren v. State, Tex.Cr.App., 367 S.W.2d 685, 687, this Court held that statements made by the accused at least an hour after the commission of the offense were not admissible as res gestae.

Rubenstein v. State, Tex.Cr.App., 407 S.W.2d 793, held that statements made approximately forty minutes after arrest were not res gestae. See 42 Tex.Jur.2d, Sec. 612, p. 163.

The trial court had sufficient evidence before it to conclude that the statement was not spontaneous and was not res gestae of the offense. No error is shown.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

■ Appellant's motion for rehearing complains that this court erred in failing to rule that the written statement made by appellant, which we held was not admissible as res gestae, was admissible on the ground that a portion of said statement was introduced by the state and used against him, thus rendering the entire statement admissible.

Sgt. Glen Davees was the officer who testified that appellant entered the police station shortly after 2:00 P.M. and told him he had just shot a man and surrendered the pistol.

The statement which appellant sought to introduce was made to Lieutenant Bob Parsons and was reduced to writing and signed by appellant at 3:15 P.M.

The record does not reflect that Sgt. Glen Davees was present or heard the statement or the self-serving or exculpatory portion of the statement in writing which appellant contends was admissible as a portion of the statement made to him when appellant entered the police station, and no witness is shown to have heard both the statement made by appellant to Sgt. Davees and the self-serving or exculpatory statement contained in the written statement made to Lieutenant Parsons.

The facts stated distinguish this case from Sanderson v. State, 109 Tex.Cr.R. 142, 3 S.W.2d 453, Avirett v. State, 128 Tex.Cr.R. 647, 84 S.W.2d 482, and Pratt v. State, 53 Tex.Cr.R. 281, 109 S.W. 138, cited by appellant.

Appellant's motion for rehearing is overruled.