**Patrick Oneal MURPHY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45137.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Rehearing Denied July 17, 1973.

Jack L. Coke, Dallas, for appellant.

Henry Wade, Dist. Atty., and Catharine T. Hill, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was tried before a jury and found guilty of the offense of theft over $50.00. Punishment was set by the court at 10 years under Art. 62, Vernon's Ann.P.C.

Testimony reveals that on the afternoon of May 27, 1970, Joseph T. Love took his 1968 Ford Mustang automobile to Ed Maher Ford Company in Dallas for repairs. Love left the automobile at the Ford agency, and was told it would be ready the following afternoon. Returning the next day, Love was told that his car was missing.

Several days later, Love was informed by the Dallas Police Department that his automobile had been located. Two Dallas police officers testified that at approximately 2:00 a. m. on the morning of May 30, 1970, they detected a speeding automobile, a 1968 Ford Mustang, being driven by appellant and proceeded to stop the car. After checking their "hot list" and finding that the car was listed as stolen, the officers questioned appellant on the scene as to how he came into possession of the car. He replied that he had gotten it from an "Uncle Martin Jones." Appellant was subsequently placed under arrest. Taking the stand in his own behalf, appellant testified that on May 28, 1970, the day the car was taken, he was at his mother's home in Oak Cliff. He further testified that he had had occasion to go to a shopping center in Dallas on Friday, May 29, 1970, where he ran into Martin Jones, a Negro, whom he had known for several years. Appellant stated that this Martin Jones was commonly referred to as "Uncle." According to appellant, he noticed the car which Martin Jones was driving, a 1968 Ford Mustang, and, after negotiations with Jones, an agreement was reached whereby appellant was to rent the car for the night of May 29, 1970. Appellant stated that, after attending a party that night, he took his date home, then was stopped for speeding on the way home and then arrested. There

was no corroboration of appellant's story as appellant was the only witness called by the defense.

Appellant cites three grounds of error for this Court to consider, one of which is an allegation that reversible error was committed when a witness called by the State, Leroy Moore, was allowed to testify even though he had been present in the courtroom in violation of the rule while appellant testified.

Appellant's defensive theory was based on the story that he had legally obtained possession of the automobile in question by renting it from "Uncle Martin Jones." After defendant had explained how he came into possession of the car, the State's attorney on cross-examination repeatedly questioned appellant as to the reality of "Uncle Martin Jones."

Before closing, the State called as a rebuttal witness Leroy Moore, an investigator for the District Attorney's office in Dallas County. Appellant had invoked the rule, in accordance with Art. 36.03, Vernon's Ann.C.C.P., at the beginning of the trial. However, when Moore was called to testify, defense counsel sought clarification as to whether or not the rule had been violated. When Moore was questioned by the State's attorney he responded as follows:

"Q Now, Mr. Moore, during this trial the Rule has been invoked by the defense concerning witnesses that testify. Were you in the Courtroom present during any of the testimony of any of the witnesses? I'm not talking about when they were walking up to the stand or getting on it or coming off or going up there, but when they were testifying, answering questions. Were you ever in the Courtroom during the trial?

"A Yes.

"Q When the witnesses were testifying?

"A Yes.

"Q  I'm sorry.  I misunderstood.  Now, who was it that was testifying that you were present and heard?

"A  It was the Defendant.

"Q  When the Defendant testified?

"A  Yes."

At this point, appellant's counsel objected to this witness testifying, but the court overruled him.  Leroy Moore was permitted to continue his testimony.  It was to the effect that he had checked the Dallas city directory and the local telephone directory, finding only two listings for "Martin Jones."  Moore testified that he investigated further and discovered that both of these men were white and knew nothing about the defendant or the automobile in question.

It is clear that the trial judge was in error in permitting Moore to testify after defense counsel's objection.  However, it is not so readily apparent as to whether or not the error is such that it demands reversal.  A violation of the rule is not in itself reversible error.  Romero v. State, 458 S.W.2d 464 (Tex.Cr.App.1970); Hobson v. State, 438 S.W.2d 571 (Tex.Cr.App.1969).  It has long been the rule in Texas that a violation of the rule may not be relied upon as ground for reversal unless an abuse of discretion is shown, and until the contrary has been made to appear, it will be presumed on appeal that discretion was properly exercised.  Hammond v. State, 121 Tex.Cr.R. 596, 49 S.W.2d 779 (1932); Davidson v. State, 386 S.W.2d 144 (Tex.Cr.App.1965).  Simply stated, it becomes a test of whether or not, in permitting the witness in violation of the rule to testify, injury is done to the defendant.  Two relevant criteria are: (1) did the witness actually hear the appellant's testimony and (2) did the witness's testimony contradict

the testimony of appellant or any other defense witness that he heard.  Schneider v. State, 392 S.W.2d 130 (Tex.Cr.App.1965); Day v. State, 451 S.W.2d 508 (Tex.Cr.App.1970).  In the present case, the witness in question, Leroy Moore, admitted that he heard the appellant's testimony.  So the only question which remains is whether the testimony heard by Moore concerned matters about which he was called to testify, and whether he contradicted appellant's testimony.  Technically, Moore's testimony did not actually contradict appellant's testimony, since Moore admitted that there was the possibility that such a person as a Negro Martin Jones did exist in Dallas.[1]  The fact that the city and telephone directory did not include such a person did not preclude the possibility that such a person actually lived in Dallas.  Therefore, while we conclude that the court erred in allowing this violation of the rule, we find that there was not such an abuse of discretion as to require a reversal because of this error.

■ In another ground, appellant contends that the court erred in allowing hearsay testimony to the effect that the license plates on the car appellant was driving when arrested were registered to a stolen 1967 Chevrolet.  Appellant overlooks the fact that on numerous occasions reference was made, without objection, to the license plates and keys from "the stolen '67 Chevrolet."  No error is shown.  Burns v. State, 470 S.W.2d 867 (Tex.Cr.App.1971).

■ In this final ground, appellant alleges that the court erred in refusing to dismiss the case against him since the State did not prove a wrongful taking from the possession of the complainant.

The indictment alleged a wrongful taking from Love, the owner of the automobile.  He testified that the automobile was

1.  When appellant was arrested, he told the officers he had gotten it from "Uncle Martin Jones"; there is no testimony in the record which would indicate that appellant gave the officers the address of Jones at that time.  The contrary is quite true.  The arresting officer testified that appellant was not able to give an address for Jones, nor any place where they could get in touch with him.

removed from the automobile agency without his permission. Appellant was found in possession of the automobile. The State sufficiently proved a wrongful taking from Love, and possession was properly alleged in the real owner. Roberts v. State, 400 S.W.2d 903 (Tex.Cr.App.1966). In Roberts, it was held that there was no variance where the indictment alleged that an automobile was taken from the owner and the proof showed that it was taken from a service station where the owner had left it for servicing. See English v. State, 441 S.W.2d 195 (Tex.Cr.App.1969).

The judgment is affirmed.