Mark Adrian HOUGHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 62923.

Court of Criminal Appeals of Texas,
Panel No. 2.

Sept. 14, 1983.

Rehearing Denied Nov. 16, 1983.

Gary Hill, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Lane C. Reedman, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

Mark Adrian Hougham, appellant, was charged by indictment that on January 29, 1978, by accident and mistake when operat-

ing a motor vehicle while intoxicated he caused the death of another person. This constitutes the offense of involuntary manslaughter.[1] The jury found him guilty and assessed punishment at ten years' confinement in the penitentiary. We will affirm the conviction.

Viewed in the light most favorable to the verdict of the jury, which appellant does not challenge, the evidence reflects that appellant and another person were "drag racing" in motor vehicles down a major street in El Paso. The facts indicate that the speed of appellant's vehicle ranged from eighty to one hundred miles per hour prior to the time it collided with other vehicles. As a result of one of the collisions, two young persons were killed. Appellant and the person with whom he was drag racing were put to trial in this cause for causing the death of one of the persons who was killed.[2]

Appellant presents four grounds of error in the appeal. He asserts his cause should have been dismissed because the State failed to comply with the Speedy Trial Act; that the trial court committed reversible error by admitting into evidence several photographs of the deceased; that the trial court should have granted a mistrial when two of the State's witnesses violated "The Rule"; and that the trial court committed reversible error by overruling an objection appellant's counsel made to a portion of the prosecuting attorney's jury argument. We will overrule all of the grounds of error.

In appellant's first ground of error, he claims he was entitled to a dismissal of the indictment because the State failed to comply with the provisions of Art. 32A.02, V.A.C.C.P., The Speedy Trial Act. We disagree. Our research reveals that the decision of *Lopez v. State,* 628 S.W.2d 82 (Tex.Cr.App. 1982), which concerned a cause also from El Paso County, is on all fours with the facts of this case. In this case, the State announced ready for trial on June 30, 1978,

and July 3, 1978, which was within the statutory 120 day period of time that the State had to announce ready for trial. In *Lopez,* supra, this Court held that an announcement of ready by the State on July 3, 1978, was a prima facie showing that the provisions of the statute had been complied with, and it was then incumbent upon the defendant to present evidence sufficient to rebut the State's assertion of readiness for trial. See *Lopez,* supra, at page 84.

■ In this instance, the appellant did not present any evidence sufficient to challenge the State's announcement of readiness for trial. Evidence that he had not sought a continuance prior to the time his attorney filed the motion to dismiss for failure to comply with the Speedy Trial Act is insufficient to rebut the State's announcement. The ground of error is overruled. Also see *Barfield v. State,* 586 S.W.2d 538, 540–42 (Tex.Cr.App.1979); *Wade v. State,* 572 S.W.2d 533, 535 (Tex.Cr. App.1978); *Callaway v. State,* 594 S.W.2d 440, 445 (Tex.Cr.App.1980); *Fraire v. State,* 588 S.W.2d 789, 790–91 (Tex.Cr.App.1979).

■ Appellant in his second ground of error complains of the admission into evidence of six photographs, which depicted the deceased, who sustained an extremely severe contusion of the brain with subdural hematoma and trauma to both cerebral hemispheres as a result of the collision that had occurred between the rear of the vehicle she was driving and the vehicle appellant was driving. The impact was so forceful that the deceased was apparently thrown backwards from the driver's seat. Her body finally ended up situated with her head, one arm, and the upper portion of her body hanging through the rear window over the rear license plate of the vehicle she had been driving. She died as a result of the massive injuries she had sustained. Appellant asserts that the photographs were offered into evidence solely for prejudicial purposes, and also argues that they had no

1. See V.T.C.A., Penal Code, Sec. 19.05.

2. We are not able to perfectly state what the disposition of the co-defendant's cause was.

His cause is not before this Court at this time, so we do not concern ourselves with it.

probative value. However, ever since this Court decided *Martin v. State,* 475 S.W.2d 265, 267–68 (Tex.Cr.App.1972), if a verbal description of a body would be admissible, a photograph of the same is admissible. It is only when the probative value is slight and the inflammatory aspects great will it be an abuse of discretion for the trial court to admit photographs of the body of the victim. Under the circumstances of this case, we are unable to state that the trial court abused its discretion in admitting the photographs of the victim's body into evidence. The ground of error is overruled. Also see *Brasfield v. State,* 600 S.W.2d 288, 297 (Tex. Cr.App.1980); *Harrington v. State,* 547 S.W.2d 621, 626 (Tex.Cr.App.1977); *Phillips v. State,* 511 S.W.2d 22, 28 (Tex.Cr.App. 1974); *Clark v. State,* 627 S.W.2d 693, 705 (Tex.Cr.App.1982).

■ Appellant in his third ground of error correctly asserts there was a violation of Art. 36.03, V.A.C.C.P., which governs the placing of witnesses under "The Rule" in order to prevent them from discussing their testimony with the other witnesses. In this instance, two of the State's witnesses, a police officer and the mother of the deceased, did converse with one another after one of them had testified. We agree with appellant that "The Rule" should at all times be complied with. However, not every violation of "The Rule" will result in reversible error. In *Haas v. State,* 498 S.W.2d 206, 210 (Tex.Cr.App.1973), this Court established two criteria to be used in making the determination whether the defendant had been harmed by a violation of "The Rule": (1) Did the witness actually hear the testimony of the other witness, and (2) did the witness' testimony contradict the testimony of the witness that he allegedly heard. We are unable to state that appellant was harmed by the above violation of "The Rule." The police officer witness testified that he had a conversation with the mother of the deceased after he had testified. He testified that "She wanted to know, she was under the impression there was two separate indictments and I tried to explain there was only one indictment for each of the Defendants ... She

wanted to know if I was the policeman who took her daughter to the hospital and I said no ..." He also admitted he stated to the mother the following: "Can you believe that he [apparently referring to one of the defense attorneys] got mad at me for not remembering a question he hadn't asked yet," and the mother asked him: "Who was at fault?" The police officer witness testified that the above was the extent of the conversation he had had with the mother of the deceased.

The mother's subsequent testimony before the jury dealt solely with identification of her daughter from a photograph as the deceased person.

The fact that the police officer witness and the mother had conversed with one another was gone into in the presence of the jury by defense counsel.

■ Although we strongly urge trial courts to admonish the witnesses, when they are placed under "The Rule," not to have conversations with each other about anything remotely connected with the case, and where a violation has been shown to have occurred to invoke its contempt power and apply it to the violator, we are unable to state that appellant was unduly prejudiced and harmed by the above conversation between the police officer witness and the mother of the deceased. Appellant has failed to meet the second criteria, see supra, in that the mother's testimony did not contradict the testimony of the police officer witness, and the conversation they had was not really pertinent to the facts of the case. The ground of error is overruled. Also see *Campbell v. State,* 525 S.W.2d 4, 6–7 (Tex.Cr.App.1975); *Cooper v. State,* 578 S.W.2d 401, 403 (Tex.Cr.App.1979); *Beecham v. State,* 580 S.W.2d 588, 591 (Tex.Cr. App.1979); *Murphy v. State,* 496 S.W.2d 608, 610 (Tex.Cr.App.1973).

■ In appellant's last ground of error he complains of a certain portion of the prosecuting attorney's jury argument that was made at the guilt stage of the trial. The gist of the prosecuting attorney's com-

plained of argument was that defense witnesses are not handicapped like State's witnesses always are because they are not required to put down in writing soon after the event that led to the filing of the criminal accusation their recollections of what they remembered had happened. Unquestionably, the prosecuting attorney should not have argued that defense witnesses reflect on what their testimony will be, that they have time "to make up stories and change them . . . to come in and say whatever it is they want to say and make up whatever they want to make up," whereas witnesses for the prosecution do not have this right. However, we must overrule appellant's ground of error because the objection he made, which was as follows, "We will object to this line of argument, Your Honor," was insufficient to preserve error. The objection was clearly too general to apprise the trial court of the ground for his objection. A proper objection would have been that the argument was outside the record, was not a reasonable deduction from the evidence, was not an answer to argument of opposing counsel, and was not a plea for law enforcement. See *Lopez v. State,* 628 S.W.2d 77, 81 (Tex.Cr.App.1982); *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Cr.App.1973). Because appellant did not make the proper objection in the trial court, the error was not properly preserved. *Earnhart v. State,* 582 S.W.2d 444, 449 (Tex. Cr.App.1979). Furthermore, we have serious and grave doubts that in any event appellant timely complained because we find that the prosecuting attorney made at least five erroneous statements before appellant's counsel finally objected. The ground of error is overruled.

The judgment is affirmed.

1. The cases cited in support of overruling the ground of error seem to have only one common element: that in the particular circumstances of each an abuse of discretion was not shown. That standard must be derived from the last sentence of Article 36.04, V.A.C.C.P.—"The enforcement of the rule is in the discretion of the court,"—and is used to test a challenged ruling by the court on an objection to testimony of

CLINTON, Judge, concurring.

Without any doubt two witnesses violated "the rule" since they conversed with each other about the case without permission of the court. Article 36.06, V.A.C.C.P. Nevertheless the majority is "unable to state that appellant was unduly prejudiced and harmed . . . in that the mother's testimony did not contradict the testimony of the police officer witness. . . ." With deference, though it does indeed appear in the opinion relied on, what the majority calls a "second criteria" is not the one to be applied here. However, because the implicit finding of the majority is that the trial court did not abuse its discretion in the premises,[1] I join the judgment of the Court.

The purpose of the rule is "to prevent the testimony of one witness from influencing the testimony of another," *Cook v. State,* 30 Tex.App. 607, 18 S.W. 412 (1892). So the inquiry is whether the challenged testimony "was or could . . . have been influenced by the other witnesses whose testimony he had heard before giving his own," *Cook v. State,* supra, to the injury or prejudice to the accused, *Perry v. State,* 160 Tex.Cr.R. 8, 266 S.W.2d 171, 173 (1954).

Assuming the State's witness to whose testimony objection is made did hear testimony of one or more other witnesses, consequential injury or prejudice flows from testimony that corroborates another witness for the prosecution or contradicts defensive testimony on an issue of fact bearing upon guilt or innocence. *Perry v. State,* supra, 266 S.W.2d at 173; *Crawford v. State,* 165 Tex.Cr.R. 147, 305 S.W.2d 362, 364–365 (1957) and *Wilson v. State,* 158 Tex.Cr.R. 334, 255 S.W.2d 520 (1953) established that proposition, and Judge Douglas reiterated it without attribution when writing for the

one who has allegedly violated the rule. *Laird v. State,* 160 Tex.Cr.R. 264, 268 S.W.2d 158, 160 (1954). The final part of Article 36.06, supra, ". . . and the party violating [its instructions] shall be punished for contempt of court," affords the trial court an additional remedy, presumably reserved for a flagrant violation of the rule.

Court in *Day v. State,* 451 S.W.2d 508 (Tex. Cr.App.1970), *viz:*

"There has been no showing that the trial court abused its discretion in permitting Campbell to testify. His testimony did not coincide with any material testimony of the other witnesses for the State and did not contradict the testimony of any defense witness that he heard." *Id.,* at 509–510.

In *Murphy v. State,* 496 S.W.2d 608 (Tex. Cr.App.1973) the State called a rebuttal witness to testify adversely on a defensive matter which the accused had advanced through his own testimony, as the State's witness sat in the courtroom and listened. Admitting testimony of the rebuttal witness over proper objection was held to be error, but not reversible error. It was during the course of inquiring as to the injury that the Court correctly stated:

"Two relevant criteria are: (1) did the witness actually hear the appellant's testimony and (2) did the witness's testimony contradict the testimony of appellant or any other defense witnesses that he heard. *Schneider v. State,* 392 S.W.2d 130 (Tex.Cr.App.1965); *Day v. State,* 451 S.W.2d 508 (Tex.Cr.App.1970)." *Id.,* at 610.

That statement of the "second criteria" is based on and comports with the situation presented in the case. That is to say, the rebuttal witness had not undertaken to corroborate any other testimony from a witness for the prosecution, only to contradict testimony of the accused and his witnesses. Thus, there was no occasion for the Court to allude to the other part of the proposition established by *Wilson v. State* and its progeny, supra. Accordingly, the "second criteria" of *Murphy v. State,* supra, is inapposite to the situation in *Haas v. State,* 498 S.W.2d 206, 210 (Tex.Cr.App.1973), for there the problem was really whether testimony of a crime lab technician, that he found a fingerprint of appellant on a tape binding legs of a deceased, corroborated or coincided with that of an investigating officer who had not detected any fingerprints on it. Obviously it did not, so the ultimate deci-

sion of the Court was right—injury had not been shown. *Haas v. State,* supra, at 211.

Reduced to reality all that is shown in the instant case is that two witnesses conversed somewhat "about the case," but not about the testimony of either. Limited to identifying a photograph as portraying her deceased daughter, testimony of the mother simply could not have been influenced by her conversation with the peace officer. She had not heard his testimony and, according to the majority opinion, he did not recount any of it to her. No discernible harm, injury or prejudice was suffered by appellant or sanctioned by the trial court in permitting the testimony.

For these reasons I join the judgment of the Court.

ONION, P.J., joins.