Ex parte Sherri **ROBERTSON.**

Ex parte Dennis P. **WHEATLEY.**

No. 69823.

Court of Criminal Appeals of Texas.

June 10, 1987.

Jim Vollers, Austin, John Tatum, Dallas, for appellant.

Kerry P. Fitzgerald for Judge Stephens, Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION

W.C. DAVIS, Judge.

This is an original habeas corpus action in which applicants seek relief from a judgment holding them in contempt of the Criminal District Court No. 3 of Dallas County for violating the trial judge's instructions given pursuant to Article 36.06, V.A.C.C.P., usually referred to as "the rule."[1] Applicant Robertson's punishment was a fine of $100.00. Applicant Wheatley was assessed punishment of confinement for one day in jail and a fine of $300.00.[2]

Applicants allege several grounds of error, including a sufficiency claim that the evidence does not show that applicants violated any lawful order of the court. We turn to this claim first.

Applicant Robertson was the complaining witness in an aggravated robbery trial. Applicant Wheatley was the police officer who investigated the robbery. Both witnesses were sworn and instructed by the trial judge that they were placed under the rule for the trial of the case. Specifically, the trial judge stated:

I am invoking a rule of evidence that requires you to remain outside the courtroom whenever the court is in session. Do not discuss your testimony with anyone other than you are permitted to discuss your testimony with the attorney for the State or the attorney for the defense. If you have a discussion about your testimony with any or either of those attorneys, be sure that discussion is outside the presence and hearing of any other witnesses. Do not refer to nor read any written account concerning this offense unless it's a report that you yourself generated.

You will be under this rule until this case is complete or until I have released you. You also must remain in the courthouse from day to day until this trial is over, unless I tell you otherwise.

During the trial applicant Robertson testified on direct-examination about the aggravated robbery. Her testimony lasted "no more than 45 minutes." Cross-examination by Randy Taylor, the defense attorney, lasted about 7 days. Applicant Wheatley, who investigated the robbery for only 4–5 hours in order to complete the case, was kept on the witness stand for about 9 days. The commission of the aggravated robbery by the defendant had taken about 5 minutes and the complaining witness had seen the defendant for about 2 minutes of that 5 minutes. Further, the defendant was arrested about 20 hours after the commission of the offense in possession of the stolen property. The prosecutor testified at the contempt hearing that such robbery cases usually average about 3–3½ days to complete a trial. The trial at

1. Article 36.06, V.A.C.C.P. states that,
Witnesses, when placed under rule, shall be instructed by the court that they are not to converse with each other or with any other person about the case, except by permission of the court, and that they are not to read any report of or comment upon the testimony in the case while under rule. The officer who attends the witnesses shall report to the court at once any violation of its instructions, and the party violating the same shall be punished for contempt of court.

2. The trial judge, the Honorable Gary R. Stephens, recused himself after entering an order against both applicants to show cause why they should not be held in contempt. The Presiding Judge of the First Administrative Judicial Region, Judge Ron Chapman, ordered that this matter be transferred to the 204th Judicial District Court of Dallas County. The Honorable Richard Mays of that court heard the motion, found applicants in contempt of Judge Stephens's order and assessed punishment.

issue in the instant case lasted about five weeks.

On February 5, 1987, while the aggravated robbery trial continued, applicants Robertson and Wheatley swore out affidavits complaining of the abusive treatment of them while they were on the witness stand. The affidavits were the result of conversations both applicants had during the course of the trial with Lynn Drake, an assistant city attorney with the City of Garland. It is these affidavits which formed the basis for the trial judge's show-cause order for violation of the rule.

Applicant Robertson stated in her affidavit and at the contempt hearing that while she was testifying in the aggravated robbery trial, Taylor, the defense attorney, was rude, antagonistic and argumentative with her. She stated that Taylor would ask her questions with his face about 1–1½ feet in front of her face; that he had the defendant stand within 18 inches of her face and shove his hands into her face. This defendant had threatened her with a gun during his armed robbery of her and such actions frightened her. She stated that the trial judge apparently approved of such actions. Taylor also interrupted the prosecutor's direct examination and demanded that he question her, which the judge permitted. The judge also would not let her explain her answers. Finally, she was in tears one day after Taylor's questioning and was leaving the witness stand as the judge sent the jury out. Taylor turned to his assistant and stated loudly, so that all present could hear, including the judge and jury, that Robertson was "a lying cunt."

The trial court instructed the witnesses not to discuss their testimony with each other or others, except the defense attorney or the prosecutor. The purpose of this rule is "to prevent the testimony of one witness from influencing the testimony of another." *Cook v. State,* 30 Tex.App. 607, 18 S.W. 412 (1892). The genesis of the rule

is said to lie in the History of Susanna, a book of the Apocrypha:

"The story of Susanna is familiar. Her accusers testified in the presence of each other to her guilt. She was about to be condemned when Daniel interposed, saying: 'Put these two aside, one far from another, and I will examine them.' His examination disclosed such discrepancies in their testimony as resulted in the release of Susanna and the condemnation of her accusers. Since then the importance of the separation of witnesses has been regarded as a valuable adjunct to the cross-examination of witnesses and a right accorded whenever demanded in the trial of causes [citations omitted]."

*Bishop v. State,* 81 Tex.Cr.R. 96, 194 S.W. 389 (1917).

In the instant action applicant Robertson's discussion with Drake and her ensuing affidavit concerned her *treatment* at trial. Her discussion with Drake was not aimed at, nor did it result in, collusion, contradiction or influence of any witness in the State's case or in the defense's case. Applicant Robertson did not discuss any of the substance of her testimony or any other witness's testimony. The trial court had instructed her not to discuss her testimony and she did not do so.

The purpose of the rule is to prevent corroboration, contradiction, and the influencing of witnesses. Cf. *Archer v. State,* 703 S.W.2d 664, 667 (Tex.Cr.App. 1986); *Day v. State,* 451 S.W.2d 508 (Tex. Cr.App.1970). Applicant Robertson did not thwart the purpose of the rule in any fashion by relating the conduct occurring in the courtroom. No witness's testimony was influenced by her discussion with Drake. While such action might be better taken after the completion of the trial, we hold, on the facts of this case, that applicant Robertson, by describing the conduct occurring in the courtroom as to her *treatment,* did not violate the trial judge's order not to discuss her testimony.[3]

3. We note that Art. 36.06 states that witnesses are not to discuss testimony and are not to discuss "the case." In the instant case the trial judge instructed the witnesses not to discuss "testimony," which is somewhat more narrow and less limiting than "case." Of course, the

■ Applicant Wheatley presents a slightly different fact situation. His complaints of abuse focus on both the judge and the defense attorney. A rendition of the events is necessary to present the context in which the alleged violation occurred. Applicant Wheatley, like applicant Robertson, complained in his affidavit that the trial judge told him to answer questions with a "yes" or "no" and would not permit him to explain his answers. He also stated, as was brought out at the contempt hearing, that Taylor called him "a dog-trotting liar" in front of the jury, and that when the jury was removed from the courtroom Taylor screamed into the microphone so that even people outside the courtroom could hear, "Wheatley is a double-faced yellow-belly liar." Applicant Wheatley testified at the hearing that Taylor asked him a question concerning where he had first gone to see the defendant. The trial judge interrupted and told Wheatley not to answer the question because he was not to use the word "probation." The judge threatened to hold Wheatley in contempt. Applicant Wheatley stated that Taylor repeatedly asked him questions which he knew, because of prior orders of the court, that Wheatley could not answer in the presence of the jury. The prosecutor subsequently asked Wheatley where he had obtained some information about the defendant. Applicant Wheatley answered that he had gotten it from an arrest record. The judge sent the jury out of the courtroom and told Wheatley to sit in his seat until he determined whether or not he was going to hold him in contempt.

During the trial Taylor had several subpoenas issued attempting, for reasons not shown in the record, to obtain applicant Wheatley's records of arrests he had made 6 months prior to the arrest of the defendant and 6 months after the arrest of the defendant. The trial judge told the prosecutor that he, the prosecutor, represented Dallas County and could not deal with requests for subpoenas for records from the City of Garland. Since the prosecutor could not advise Wheatley about the subpoenas he told him to talk to the City Attorney for the City of Garland. Lynn Drake, an assistant city attorney for Garland, subsequently appeared in court representing Wheatley and the police department on the subpoena issue.

Wheatley said he considered Drake, as a city attorney who represented the police officers and the police department, to be his lawyer. After appearing in court concerning the subpoenas, Drake asked Wheatley about his treatment in court. Drake said she asked him about it so that she could know the possibility of him being held in contempt since he had been threatened with contempt twice by the trial judge. Wheatley then related to Drake what he later set out in the affidavit, detailing the treatment he had received while testifying in the aggravated robbery case.

Applicant Wheatley's affidavit, unlike applicant Robertson's, does include excerpts of his actual testimony. In describing the abusive treatment by Taylor, applicant Wheatley had to explain it by stating some of the substance of his testimony, particularly why the judge had threatened him with contempt and the actions of Taylor thereafter. The excerpts of testimony were not given for their "substance." They are inseparable from the conduct of which applicant Wheatley was complaining. Like applicant Robertson, applicant Wheatley discussed his *treatment* in the courtroom. The focus was not on the substance

witnesses were bound by the trial court's instruction and not by the exact dictates of Art. 36.06, of which they had not been instructed. "Case" in Art. 36.06 must be interpreted in light of the purpose and intent of the rule—to prevent testimony of one witness from influencing the testimony of another. Stating that one is a witness in a robbery case is, strictly speaking, discussing the "case." However, this is certainly not the type of discussion to which Art. 36.06 is directed, particularly in light of the purpose of the rule and the harsh punishment of contempt available for violations of Art. 36.06. Rather, the material issues and the facts or substance of the testimony must not be discussed between witnesses or others so as to violate the rule and its purpose. Cf. *Archer*, supra; *Hougham v. State*, 659 S.W.2d 410 (Tex.Cr.App.1983); *Haas v. State*, 498 S.W.2d 206 (Tex.Cr.App.1973); *Murphy v. State*, 496 S.W.2d 608 (Tex.Cr.App. 1973).

of his testimony, some of which was included by necessity to describe the treatment. Rather, it was on the defense attorney's and trial judge's actions toward applicant Wheatley.

The information given by applicant Wheatley was not intended to and did not defeat the purpose of the rule. The information was directed at the treatment of Wheatley and the conduct of the proceedings involving Wheatley. The substance of his testimony that was included was inseparable from a description of the treatment and conduct occurring in the courtroom. As such, it was just like applicant Robertson's discussion. Given the unique circumstances of this case, we hold that such discussion and affidavits describing the treatment of witnesses and describing conduct occurring in the courtroom did not violate the trial court's order not to discuss testimony. The evidence does not support the court's judgment of conviction for contempt.

Because of our disposition of this sufficiency claim, we need not address applicants' other grounds of error. The relief requested is granted.

CLINTON, MILLER, CAMPBELL and DUNCAN, JJ., dissent to the disposition of Ex Parte Wheatley.

TEAGUE, J., concurs in the result reached by the majority opinion, but not for the reasons stated in the majority opinion.