**AFFIRMED as MODIFIED and Opinion Filed March 1, 2023**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-21-01152-CR**

**No. 05-21-01153-CR**

**ADRIAN GILLIAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-76363-R, F18-53171-R**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Garcia

Appellant judicially confessed and entered open guilty pleas to aggravated robbery and evading arrest or detention with a motor vehicle. After a punishment hearing, the court assessed punishment at twenty-five years in prison in the aggravated robbery case and ten years in prison in the evading arrest case.

Appellant now argues the trial court erred in permitting evidence of his gang affiliation and because the State made an improper argument. Appellant further argues that the judgments should be reformed. We modify the judgments and, as modified, affirm.

# I. Background

On September 22, 2018, two armed robbers ordered one of the co-owners of a Wingstop to open the safe at gunpoint. Appellant was identified and apprehended at the scene.

On March 21, 2019, officers investigating a different aggravated robbery made a felony stop on a vehicle driven by appellant. Appellant evaded arrest for over twenty minutes before he was taken into custody.

Appellant was charged with aggravated robbery and evading arrest or detention with a motor vehicle. He judicially confessed to both charges and entered open guilty pleas to the court. After a punishment hearing, the court assessed punishment at twenty-five years in prison in the aggravated robbery case and ten years in prison in the evading arrest case. This appeal followed.

# II. Analysis

**Gang Affiliation Testimony**

Appellant's first issue argues the trial court erred by allowing Officer Jared Maddox to testify about appellant's gang affiliation. The record reflects, however, that appellant did not object to the testimony in the court below.

"To properly preserve an issue concerning the admission of evidence for appeal, a party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded." *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009); *see also* TEX. R. APP. P. 33.1(a)(1)(A); *Martinez v.*

–2–

*State*, 327 S.W.3d 727, 736 n.10 (Tex. Crim. App. 2010) (failure to object waives issue on appeal). Because appellant failed to object, the issue has not been preserved for our review. Appellant's first issue is resolved against him.

**Improper Argument**

Appellant's second issue argues the State made improper argument. Specifically, during closing argument, the State argued:

> Judge, these are very serious cases. Thank God nobody got killed. But at some point, Your Honor, we're asking for the Court to sentence this defendant to enough years for him to understand the severity of what he's done. And also to seek justice for us, for the State of Texas, for the victims that -- many victims that have been involved at the bad choices that this defendant, Adrian Gillian, has made. Even with his poor grandmother.

In general, proper jury argument falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement. *See Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011) (citing *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008)). To preserve a complaint that a jury argument was improper, a defendant must lodge a "proper objection." *Hougham v. State*, 659 S.W.2d 410, 414 (Tex. Crim. App. [Panel Op.] 1983); *see also Arellanes v. State*, No. 05-18-00429-CR, 2018 WL 3629087, at *4 (Tex. App.—Dallas July 31, 2018, pet. ref'd) (mem. op., not designated for publication). A defendant's failure to properly object results in forfeiture of his right to complain on appeal about the argument. *See Castillo Alvarado v. State*, No. 05-19-00115-CR, 2020 WL 1181487,

at *2 (Tex. App.—Dallas Mar. 12, 2020, no pet.) (mem. op., not designated for publication); *see also* TEX. R. APP. P. 33.1.

When the State made the complained-of argument, appellant did not object. Therefore, the issue is forfeited on appeal. Appellant's second issue is resolved against him.

**Modifying the Judgment**

Appellant's third and fourth issues argue the judgments should be modified, In particular, appellant requests that the judgment in Cause Number F18-7636-R be modified to reflect that appellant entered an open plea of guilty to the court and was not sentenced pursuant to a plea bargain, and that the judgments in both cases be modified to reflect that the prosecutor was Chalana Oliver. The State agrees the judgments should be modified.

We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Here, the judgment in Cause No. F18-76363-CR states that appellant was sentenced to twenty–five years in prison pursuant to a plea bargain. But the record reflects that  appellant entered an open plea of guilty to the court and no plea bargain was operative as to punishment.

The judgments in both cases state that the prosecutor was Sasha Stribling. The reporter's record, however, reflects that the prosecutor was Chalana Oliver.

We therefore sustain appellant's third and fourth issues and modify the judgments accordingly.

### III. Conclusion

We modify the judgment in Cause No. F18-76363-CR to reflect that appellant entered an open plea of guilty to the court and no plea bargain was operative as to punishment. We modify both judgments to reflect that the prosecutor was Chalana Oliver. As modified, we affirm the trial court's judgments.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
211152F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN GILLIAN, Appellant

No. 05-21-01152-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-76363-R. Opinion delivered by Justice Garcia. Justices Reichek and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant entered an open plea of guilty and no plea bargain agreement was operative as to punishment and the attorney for the State was Chalana Oliver.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered March 1, 2023



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ADRIAN GILLIAN, Appellant

No. 05-21-01153-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-53171-R. Opinion delivered by Justice Garcia. Justices Reichek and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that the attorney for the State was Chalana Oliver.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered March 1, 2023