Jeffery Lynn FERGUSON, Appellant,

v.

The STATE of Texas, State.

No. 2–95–156–CR.

Court of Appeals of Texas,
Fort Worth.

July 18, 1996.

Discretionary Review Refused Oct. 30, 1996.

Robert G. Estrada, Wichita Falls, for Appellant.

## 252

Barry L. Macha, Crim. Dist. Atty., John Brasher, Asst. Crim. Dist. Atty., Wichita Falls, for Appellee.

Before LIVINGSTON, BRIGHAM and HOLMAN, JJ.

### OPINION

HOLMAN, Justice.

Appellant Jeffery Lynn Ferguson was convicted by a jury of aggravated assault. Ferguson contends the trial court erred in: (1) overruling his challenge for cause to a prospective juror; (2) allowing a witness to testify in rebuttal, after the witness had seen the defendant testify on his own behalf during the punishment phase of trial; and (3) sustaining the State's motion for mistrial on a separate charge. We affirm.

Ferguson entered his estranged wife's house while she was taking a nap with one of their children. After talking with his wife for a short time, he stabbed her and told her that she was going to die. She testified that she had not given him permission to enter the house, nor had she heard him knock on the door or enter the house.

In Ferguson's first point of error, he contends that the trial court abused its discretion by overruling his challenge to a veniremember who had a bias against granting him probation. Specifically, he argues that some of the answers contained in the following exchanges demonstrated objectionable bias:

[The State]: ... [Has anybody in the jury pool] ever been involved in a situation involving family violence? ...

. . . .

[Veniremember]: It would be my father's an alcoholic, and he abused my mother and my stepmother.

[The State]: Is he violent?

[Veniremember] When he's drinking.

[The State]: Okay. More than—Physically violent; not just verbally?

[Veniremember]: Right.

[The State]: Okay. Did he ever direct it towards you?

[Veniremember]: Sometimes.

[The State]: Okay. Do you feel like you could put whatever feelings—

[Veniremember]: To be totally honest, I'm very opposed to it.

[The State:] I understand. I mean I would hope that everyone is opposed to family violence or anyone beating up on anybody else. But if the Judge gave you the law and said "[t]his is the law," do you feel like you can look at the facts of this case and judge them on its merits and follow the law?

[Veniremember]: Probably, but kind of on the inside I'm not sure.

[The State]: Okay. I don't want to be pushing you, but we have to have a yes or a no answer. If the Judge instructed you to be fair, could you step back and say "[o]kay, I know this happened to me, but let me look at this situation and see what happened there"?

[Veniremember]: I think I could.

. . . .

[Defense Counsel] Okay. You've tried to tell us that when a situation involves domestic violence you're going to have a hard time with that, won't you?

[Veniremember]: Probably.

[Defense Counsel]: Well, it's just not probably or—

[Veniremember]: Yes, I would.

. . . .

[Defense Counsel]: Okay. Well, would it be fair to say that your personal experiences are—have such an effect upon your outlook that you'd have a real hard time being fair in any case that involved violence, not just domestic violence?

[Veniremember]: Maybe with spousal. Probably with spousal, yes.

[Defense Counsel] But especially with spousal, would you say you just couldn't be fair to the defendant? That's the accused.

[Veniremember]: It could depend on the circumstances, but, yes, if they were similar to mine.

. . . .

[Defense Counsel]: Sure. Would you, for example—I know this is kind of hard, but could you—taking into account your

personal history, would it be harder for you to consider as little as two years probation in an aggravated assault case?

[Veniremember]: Yes.

[Defense Counsel]: I mean it's down to the point where more than likely you couldn't honestly consider it, could you, with the intention of giving somebody probation?

[Veniremember]: Truthfully that would sound lenient to me.

[Defense Counsel]: Well, so lenient that because of your past you would not be able to consider it?

[Veniremember]: Well, I couldn't say definitely. I couldn't say yes or no definitely. Probably not.

. . . .

[Defense Counsel]: I guess what I'm trying to do is if you can search your heart and tell me if you can—

[Veniremember]: Be fair in this case?

[Defense Counsel]: Yeah.

[Veniremember]: Yeah, I guess so.

■ Ferguson argues that the veniremember should have been disqualified because she could only grant probation under an extreme hypothetical set of facts. *See Sunday v. State,* 745 S.W.2d 436, 437–39 (Tex.App.—Beaumont 1988, pet. ref'd) (error not to strike veniremember who could only grant murder defendant probation in the event it was a mercy killing). We find that this case is distinguishable in that the veniremember did not restrict her consideration to a single extreme hypothetical and because her statements were equivocal.

■ The trial court was in a position to observe the veniremember's demeanor and to gauge her responses. The decision of a trial court regarding a challenge for cause will not be disturbed absent an abuse of discretion. *Williams v. State,* 773 S.W.2d 525, 536 (Tex. Crim.App.1988), *cert. denied,* 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 207 (1989). We hold that the trial court did not abuse its discretion in refusing to strike the veniremember based on her equivocal responses. *See Garza v. State,* 622 S.W.2d 85, 92 (Tex.

Crim.App. [Panel Op.] 1980) (op. on reh'g). Point of error one is overruled.

In his second point of error, Ferguson argues that the trial court abused its discretion in permitting rebuttal testimony in violation of "the rule" after the witness had remained in the courtroom during prior testimony. *See* Tex. R. Crim. Evid. 613. During the punishment phase, the State called only Ferguson's ex-wife,[1] who requested that Ferguson be sent to prison and testified about the toll the attack had taken on her and their son. Ferguson also testified at the punishment phase. He said that it was his habit to knock at the front door of his estranged wife's house, but that she had told him that if he received no answer there, he could go around to the back of the house (where there was an unlocked sliding glass door).

The State called Ferguson's ex-wife to rebut his claims that he had permission to enter the house. The defense objected that the ex-wife had been present during Ferguson's testimony, arguing that allowing her to testify would violate the rule. The trial court ruled that even if the rule was invoked in the guilt-innocence phase of trial, it had to be reasserted during the punishment phase to remain in effect.

We have found no case law that has directly addressed whether the rule must be reasserted during the punishment phase after it has been invoked during the guilt-innocence phase. Consequently, we look to the text of the rule itself:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, . . . . This rule does not authorize exclusion of . . . (4) the victim, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at trial.

Tex. R. Crim. Evid. 613.

■ The rule makes no mention of a need for its reassertion after it has been initially invoked. While the trial court found that it

---

**1.** Their divorce became final after the attack.

must be reasserted at the punishment phase of trial, there is no mention of the punishment phase in the rule. The State argues that the ex-wife should have been allowed to remain in the courtroom because she was the victim in this case. *See* TEX. R. CRIM. EVID. 613. We agree.

 The State argues that even if the trial court's reasoning was not correct, the ruling itself was not erroneous. A trial court should not be reversed when its ruling is correct, even though the reasoning behind the ruling is not. *See Jones v. State,* 833 S.W.2d 118, 125 n. 15 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993). In this case, the trial court ruled against Ferguson, actually interrupting his objection. There followed a colloquy between the court and Ferguson's attorney in which the court continuously ruled in the State's favor without the State ever responding to Ferguson's objection.

The ex-wife testified during the guilt-innocence phase of trial that Ferguson did not have permission to be in her house at that time. Consequently, her testimony that she had not given Ferguson permission to come around back if he was not admitted at the front door was not materially different from her original testimony, and thus does not appear to have been affected by his testimony. Certainly, had the trial court expressly allowed her presence as a victim, it would not have constituted an abuse of discretion. *Holmes v. State,* 169 Tex.Crim. 343, 333 S.W.2d 842, 844 (App.), *cert. denied,* 364 U.S. 905, 81 S.Ct. 240, 5 L.Ed.2d 197 (1960); *see also Green v. State,* 682 S.W.2d 271, 294 (Tex.Crim.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985) (enforcement of the rule is within the discretion of the trial court and will not be reversed absent an abuse of discretion). We overrule Ferguson's second point of error.

 In his final point of error, Ferguson argues that the trial court erred in declaring a mistrial after the jury indicated that it was unable to decide on the burglary charge. The State responds that because the mistrial was granted, Ferguson has not been convicted, and unless the State again attempts to try him on this charge, any opinion by this court on this issue would be advisory. *See Armstrong v. State,* 805 S.W.2d 791, 794 (Tex.Crim.App.1991) (where conviction was upheld, any opinion on the propriety of trial court's dismissal of enhancement count would be unauthorized advisory opinion). We agree. If the State again attempts to try Ferguson on the burglary charge, his proper course of action would be by pretrial writ of habeas corpus. See, e.g., *Brown v. Texas,* 907 S.W.2d 835 (Tex.Crim.App.1995). Because this issue is not ripe for our consideration, we do not have jurisdiction to consider it and we dismiss Ferguson's third point of error.

The judgment of the trial court is affirmed.